### CROCKER v. FOX.

The widow's right of dower is paramount to the right of the heirs or their creditors.

APPEAL from an order of the Court of Probate, in assigning and setting out to said Grace, her dower in her late husband's Thomas Fosdick's estate, for the following reasons, viz. That said Thomas died in A. D. 1774, and his estate settled and distributed amongst his heirs; that her application to said court to have her dower set out, was not made until the 13th of April, A. D. 1789, long after said Thomas's estate had been distributed to his heirs, and after Samuel Fosdick one of the heirs had been divested of his part of the estate, by its being taken on execution for the payment of his debts, and after he had become a bankrupt:    So that she is estopped to claim her dower, in said Samuel's part, under the circumstances of the case, by lapse of time, and the events which have taken place.    2d. That the appellant was a creditor to said Samuel, took said land by execution in satisfaction for his debt, without any allowance for the incumbrance of her thirds upon it. 3d. That the order for assigning her dower was general, that great improvements had been made upon said lands, and that in setting out her dower, they had taken one-half of his said Crocker's part, although but a third of said Samuel's share was assigned to her.    4th. That the court appointed a second set of freeholders to set out her dower; and the first set afterwards did the work, and made return of their doings which was accepted.

Judgment of the Court of Probate affirmed.

Three questions were made — 1st. Whether the widow had not lost her right by her neglect for such a length of time, and the great alterations the estate had undergone.    2d. Whether her thirds in Samuel's share might be taken indiscriminately, or must not be taken a third from each purchaser's

part.  3d.  Whether the second appointment of freeholders superseded the first.

By the COURT.  The widow's dower is paramount to the right of the creditors or heirs, and it is not in the power of either to defeat it.  It is the duty of the heirs, etc. to have the widow's dower assigned and set out to her, within sixty days, etc. and the creditors of the heir take his share, charged with that incumbrance, if this hath not been previously done. And the widow hath right to have her dower set out without prejudice, by anything the heir or his creditors have done.

The second appointment was so made as it did not supersede the first; their doings and return was valid and good.