## JACKSON, ex dem. CLARK, against O'DONAGHY.

THIS was an action of *ejectment*, to recover possession of lot No. 8. in *Fabius*, in the county of *Onondaga*. The cause was tried before Mr. Justice *Thompson*, at the *Onondaga* circuit, the 21st *June*, 1809.

*Patrick O'Donaghy* was in possession of the premises in 1804, and continued in possession until the time of his death, in the autumn of 1806. A judgment was recovered in the *Onondaga* common pleas, in *October* term, 1806, against *William Dougherty* and *Patrick O'Donaghy*, before the death of the latter, for 127 dollars and 30 cents, at the suit of *Russel Clark*, on which a *fieri facias*

The privilege of the widow " to tarry in the chief house of her husband 40 days, or until her dower be assignedto her," *(Laws*, sess. 10. c-4.) will not protect her against an action of ejectment, bro't after the forty days have elapsed, by the heir or any person deriving title from the husband.

If the widow's dower be not assigned during her *quarantine*, she may bring her action and recover damages from the day of her husband's death, but she cannot enter for her dower, until it is assigned to her; and after the forty days, the heir may expel her, and put her to her suit.

was issued, by virtue of which the premises in question were sold on the 27th *March*, 1807, to the lessor of the plaintiff, and conveyed to him by the sheriff. The defendant is the widow of *Patrick O'Donaghy*, and since his death, has remained in possession of the premises.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the facts above stated.

*Forman*, for the plaintiff.

*Cady*, contra.

VAN NESS, J. delivered the opinion of the court. The privilege of the widow to " tarry in the chief house of her husband for forty days, or until her dower be assigned her," does not protect her from an action of *ejectment* by the heir, or any person deriving title from him, after the forty days have elapsed. There is some difference between the words of our statute, (1 *Rev. Laws of N. Y.* 51.) and *magna charta*, (c. 7.) from which the statute was taken; but it is a difference, I apprehend, in the words only. In the former the expression is, that the widow " shall tarry forty days, &c. *or until* her dower be assigned," &c. and in the latter, she " shall tarry forty days, &c. *within which time* her dower," &c.

It is supposed, that under our statute the widow has a right to her quarantine until her dower be assigned her. If this had been the intention of the legislature, then the limitation of it to forty days would be useless. The construction, therefore, of our statute and *magna charta* must be the same ; and that of the latter appears to be well settled.

If the widow's dower is not assigned her during her quarantine, she has her right of action, and she shall have her damages from the day of her husband's death, when he dies seised. A widow cannot enter for her dower until it is assigned her, " because it doth not appear, before assignment, what part of the lands or tene-

ments she shall have for her dower." (*Litt.* 43. *Co. Litt.* 37. b.) She is not a tenant in common with the heir. Her right rests in action only; and after the expiration of the forty days, the heir can expel her, and put her to her suit. (*Co. Litt.* 34. b.) In a case reported in *Jenk. Cent.* (184. case 16.) it was ruled by all the judges, that the widow may live in the chief house of her husband for forty days, *and no longer.* It must have been to remedy this hardship upon the widow, that dower *ad ostium ecclesiæ,* and *ex assensu patris* was introduced, so that she might enter immediately upon the death of her husband, and not be driven to her action. The true construction of our statute and of this part of *magna charta* appears to be, that the widow shall enjoy her quarantine for forty days, unless within that time her dower be assigned her.

The only instance which has fallen under my observation, in which this construction of *magna charta* has been questioned, is a *dictum* of *Gould,* J. in the case of *Goodtitle* v. *Newman,* (3 *Wils.* 519.) where he said, " that the court would not turn the widow out until her dower was assigned to her;" but he was undoubtedly mistaken.

<div align="center">Judgment for the plaintiff.</div>