### GRAFTON, MAY TERM, 1819.

### ELIZABETH JOHNSON *vs.* WILLIAM MORSE.

A parol assignment of dower was valid at common law, even without livery of seisin. But such an assignment must be accepted by the widow, or it does not bind her.
Our statute on the assignment of dower, introduces no new form of assignment.
Whether a new one is made necessary by the statute of frauds? qu.

THIS was a writ of dower, to which the tenant pleaded, that within thirty days after demanded, he had assigned to the widow her dower in the premises to her satisfaction.

An issue was taken on the fact of the assignment; and at the trial here, November term, 1818, it appeared in evidence, that the tenant and her agent seasonably agreed upon the particular portion of the premises, which should constitute the assignment, and erected boundaries or monuments; but no conveyance was executed. The agent testified, that he did not intend to accept the assignment without a conveyance, though other witnesses swore, that nothing was at that time mentioned in respect to one.

The agent afterwards called on the tenant for a conveyance, and was told, that none would be executed, as the tenant had concluded, on advice of counsel, to waive all which had been done, and to refuse to the demandant her dower.

The tenant took the crops the ensuing season, and after a new demand, the present suit was instituted.

A verdict was taken by consent for the demandant, subject to further consideration on the above testimony.

*J. Smith & W. Smith,* counsel for the demandant.

*R. Fletcher,* for the tenant.

Woodbury, J. The principal question, supposed to arise in this case, was the sufficiency of a parol assignment of dower. But, on examination, it will be found, that all the facts are not settled, which are necessary to the solution of that question.

Our statute " for the convenient and speedy assignment of " dower,"(1) does not prescribe any specific form for the assignment ; but only makes a general requisition, that the tenant shall " assign and set over to the widow" " her dow- " er," " to her satisfaction, according to the true intendment " of law."

The forms of the assignment, then, which existed at common law, must be the proper ones here, as they alone are " according to the true intendment of law," unless our statute of frauds has indirectly introduced new forms.

At common law, one of the forms consisted in a mere verbal assignment, as " I do endow you of a third part of all " the lands my cousin *J. S.* died seized of." *Styles* 276.— 5 *B. & P.* 1, *Rowe vs. Power.*

Such, too, was the mode of assignment *ad ostium ecclessiæ ;* (2 *Bl. Com.* 134.—*Co. Litt.* 34, *a.*—*Com. Di.* " *Dower*" C.) because the husband could not " make a deed to his wife ;" and, also, for the more general reason, applicable to all cases of dower, that the title passed, not like other freehold estates by livery of seisin, but by mere operation of law. The marriage, seisin, and death of the husband alone transfer the title, as the birth of a child and the subsequent decease of the parent, transfer a title in the parent's estate to the child. *Bac. Ab.* " *Dower*" C. 1.—*Co. Litt.* 32.

" There needeth," says *Coke,* in his commentary on the 39th section of *Littleton,* " neither livery of seisin nor writ- " ing to any assignment of dower, because it is due of com- " mon right."

But her right is not consummated, till the assignment is made or completed. Till then she has no right to possession as against the tenant ; (7 *John. Rep.* 247, *Jackson vs. O'Dona-ghy.*—9 *Mass. Rep.* 13, *Sheaffe vs. O'Neil*), nor any interest subject to attachment for her debts.(2) Though " she comes

7

Johnson
*vs.*
Morse.

" to her dower in the *per*, by her husband ; and is *in*, in con-
" tinuance of his estate, which the heir or terretenant are
" but ministers or officers of the law to carve out to her"—
(*Bac. Ab.* "*Dower*," *D.* 2.—*Gilb. Dow.* 395) ; yet it must be so
carved out before the assignment is perfect, and it must also
be carved out to her "satisfaction," unless she agree to accept
it(1) without any farther act on the part of the tenant.

(1) 5 B. & P.
33.

   The usual practice was, to carve it out by metes and
bounds, and then, on notice, she expressed her acceptance
by words, or by an entry into possession.

(2) 3 Leon.
272. Butler &
Baker.

   Thus, the form of pleading is "*quod intrando agreavit,*" (2)
or " entereth and agreeth ;" or, as in this case, that she " ac-
" cepted" it ; or, in the language of our statute, that it was
" set over" " to her satisfaction." *Litt. Title* " *Dower,*" *de
plus belle.*

   If once accepted, a subsequent refusal by the tenant
would not invalidate the assignment, nor would a subsequent
verbal disclaimer by herself defeat her estate.(3)

(3) Dyer 278.

   The deficiency, therefore, in the facts of this case is as to
her acceptance of the assignment. For she never entered
into the estate, and her agent disavowed any intention to be
satisfied with the assignment, unless a conveyance was made
to her from the tenant. The conduct of the tenant in dis-
claiming what had been done, indicated an impression, that
the business of the assignment was not intended by either
party to be binding, till further proceedings ; and such we
should expect would be their views, when we advert to the
general usage, (where dower is not set out by the sheriff or
commissioners) to have a conveyance executed from the
tenant.

   Under these circumstances, the cause must be submitted
to a jury to establish the fact, whether the assignment was
or was not to her satisfaction ; and if it was, it will then be
soon enough to decide, whether our statute of frauds has
indirectly abolished the verbal mode of assigning dower,
which was valid at common law.

                  *Verdict set aside, and new trial.*