Scribner *v.* Beach.

---

## SCRIBNER *vs.* BEACH.

Where an assault is attempted to be justified on the ground of self defence or the defence of one's property, the force used must not exceed what is necessary for mere defence.

Therefore, where the plaintiff took hold of a *rake* in the defendant's hands in order to take it from him, upon which the defendant immediately knocked the plaintiff down with his fist; *held*, that the defendant was not justified.

And where the plaintiff, in the case last mentioned, again attempted on rising, to possess himself of the rake, and the defendant struck a blow with it which broke the plaintiff's arm; *held* that the defendant was liable for the assault.

If one undertake to possess himself of the lands or goods of another without force, the owner must first request him to depart, and if he refuse, may then use sufficient force to expel him; but he must not assault him in the first instance. *Per* JEWETT, J.

But if the entry, or the attempt to take another's chattels, be made with force and violence, the owner may in the first instance use such force as may be necessary to subdue the violence of the aggressor. *Per* JEWETT, J.

Scribner *v.* Beach.

And where one evidently intends by force or surprise to commit a felony upon a man's person or property, the other party may resist the force by force on his part, and may even kill the assailant if it be necessary to prevent the injury. *Per* JEWETT, J.

The law justifies the owner of real or personal property in resuming the possession by his own act, if he can do it without violence or a breach of the peace. *Pe* JEWETT, J.

TRESPASS for assaulting, beating, and wounding the plaintiff. Plea not guilty, with notice of *son assault demesne*, and that the assault was committed in the defence of the defendant's personal property, namely, a pit of charcoal and a coal rake. The trial took place at the Greene circuit in May, 1844, before PARKER, Cir. J.

It appeared that the affair which gave rise to the action happened in August, 1842, on a piece of land in Catskill, of which the defendant had been in possession about three years before. He removed to Herkimer county and the plaintiff succeeded to the occupancy of the land, and had burned a coal pit upon it, and was engaged in taking the coal to market. While he was absent for that purpose, the defendant came to the pit and commenced raking out the coal with a rake he found there, having a wagon in readiness to take the coal away. While thus engaged the plaintiff came there and asked the defendant what he was doing. Defendant said if he came there he would show him. Upon this the plaintiff took hold of the rake with a view of taking it from the defendant, who letting go, with one hand knocked the plaintiff down. As he arose he again took hold of the rake, but the defendant pulled it away, and with it aimed a blow at the plaintiff's head, which the latter sought to prevent by putting up his hand. The rake struck his arm near the wrist and fractured the bone.

The defendant offered to show that he had title to the land upon which the coal pit was burned, which was uncultivated and unimproved; and that the coal was made from his wood cut upon that land. The plaintiff's counsel objected to this evidence, and the objection was sustained and the evidence excluded. Verdict for the plaintiff $150. The defendant moves for a new trial on a case.

*J. Van Vleck*, for the defendant.

*H. Hogeboom*, for the plaintiff.

*By the Court*, JEWETT, J.   Self defence is a primary law of nature, and it is held an excuse for breaches of the peace and even for homicide itself.   But care must be taken that the resistance does not exceed the bounds of mere defence, prevention or recovery, so as to become vindictive ; for then, the defender would himself become the aggressor.   The force used must not exceed the necessity of the case.   (*Elliott* v. *Brown*, 2 *Wend.* 497 ; *Gates* v. *Lounsbury*, 20 *John. R.* 427 ; *Gregory* v. *Hill*, 8 *T. R.* 299 ; *Baldwin* v. *Hayden*, 6 *Conn. R.* 453 ; 3 *Bl. Com.* 3 to 5 ; 1 *Hawk. P. C.* 130 ; *Cockcroft* v. *Smith*, 2 *Salk.* 642 ; *Curtis* v. *Carson*, 2 *New Hamp. R.* 539.)

A man may justify an assault and battery in defence of his lands or goods, or of the goods of another delivered to him to be kept.   (*Hawk. P. C. b.* 1, *c.* 60, § 23 ; *Seaman* v. *Cuppledick*, *Owen's R.* 150.)   But in these cases, unless the trespass is accompanied with violence, the owner of the land or goods will not be justified in assaulting the trespasser in the first instance, but must request him to depart or desist, and if he refuses, he should gently lay his hands on him for the purpose of removing him, and if he resist with force, then force sufficient to expel him may be used in return by the owner. ( *Weaver* v. *Bush*, 8 *Term R.* 78 ; *Butler's N. P.* 19 ; 1 *East. P. C.* 406.)   It is otherwise, if the trespasser enter the close with force ; in that case the owner may without previous request to depart or desist, use violence in return, in the first instance, proportioned to the force of the trespasser, for the purpose, only, of subduing his violence.

"A civil trespass," says Holroyd, J. " will not justify the firing a pistol at the trespasser, in sudden resentment or anger.   If a person takes forcible possession of another's close, so as to be guilty of a breach of the peace, it is more than a trespass ; so if a man with force invades and enters the dwelling house of another.   But a man is not authorized to fire a pistol on every

invasion or intrusion into his house; he ought, if he has a reasonable opportunity, to endeavor to remove the trespasser without having recourse to the last extremity." (*Mead's case*, 1 *Lewin, C. C.* 185; *Roscoe's C. Ev.* 262.) The rule is, that in all cases of resistance to trespassers, the party resisting will be guilty in law of an assault and battery, if he resists with such violence that it would, if death had ensued, have been manslaughter. Where one manifestly intends and endeavors, by violence or surprise, to commit a known felony upon a man's person, (as to rob, or murder, or to commit a rape upon a woman,) or upon a man's habitation or property, (as arson or burglary,) the person assaulted may repel force by force; and even his servant, then attendant on him, or any other person present, may interpose for preventing mischief; and in the latter case, the owner, or any part of his family, or even a lodger with him, may kill the assailant, for preventing the mischief. (*Foster's Crown Law,* 273.)

The resumption of the possession of land and houses by the mere act of the party is frequently allowed. Thus, a person having a right to the possession of lands, may enter by force, and turn out a person who has a mere naked possession, and cannot be made answerable in damages to a party who has no right, and is himself a *tort feasor.* Although if the entry in such case be with a strong hand, or a multitude of people, it is an offence for which the party entering must answer criminally. (*Hyatt* v. *Wood,* 4 *John. R.* 150; *Sampson* v. *Henry,* 11 Pick. 36.) *11 Pick. 379*

In respect to personal property, the right of recaption exists, with the caution that it be not exercised violently, or by breach of the peace: for should these accompany the act, the party would then be answerable criminally. But the riot, or force, would not confer a right on a person who had none; nor would they subject the owner of the chattel to a restoration of it, to one who was not the owner. (*Hyatt* v. *Wood, supra.*) In the case of personal property, improperly detained or taken away, it may be taken from the house and custody of the wrongdoer, even without a previous request; but unless it

was seized or attempted to be seized forcibly, the owner cannot justify doing any thing more than gently laying his hands on the wrongdoer to recover it. ( *Weaver* v. *Bush, supra ; Com. Dig. Pleader,* 3, *M.* 17 ; *Spencer* v. *McGowen,* 13 *Wend.* 256.)

In one branch of the defence the defendant set up *son assault demesne.* That was overthrown by evidence showing a manifest disproportion between the battery given and the first assault. Even a wounding was proved. The defendant also relied upon a defence of his possession of certain personal property, which he insisted was invaded by the plaintiff, and in the defence of which he committed the assault. To sustain this defence he proposed to prove, that the coal pit was on new and unimproved land to which he had title, and that the wood from which the coal was made was cut from this land without any authority from him ; but this evidence was rejected. The object of strife between the parties was the possession of the *rake,* not the coal. The plaintiff is not shown to have committed a single act tending to disturb the defendant in his possession of the latter. The ownership of the coal, therefore, was not a material fact. But admitting that the defendant had a legal title to the coal, and that the plaintiff's object in regaining possession of the rake was to use it as a means of retaking the possession of the coal, still, the defendant could not justify the *wounding* merely in defence of his possession. ( *Gregory* v. *Hill, supra.*) Unless the plaintiff first attempted forcibly to take the coal, of which there was no proof, I think the evidence was immaterial, and was properly overruled.

New trial denied.