## CAVENDER *v.* SMITH *et al.*

Where in an action of right, the plaintiff claimed title to the premises by a virtue of a judgment recovered by S. B. & Co. against S., the ancestor, February 17, 1840; a sheriff's sale on the 15th of May, 1841; a sheriff's deed to G. on the 18th of June, 1841; recorded August 18, 1841; and also claimed title under a second sheriff's deed to G., dated October 28, 1843, recorded on the same day, and a deed from G. to the plaintiff, dated May 31, 1844, and recorded on the next day; and where the defendants, to prove title in them, offered in evidence a judgment in favor of P. against the said S., rendered May 29, 1841; an execution thereon, dated June 19, 1845, under which the premises were sold by the sheriff, on the 27th of November, 1845, and a sheriff's deed, dated November 24, 1846; and also offered in evidence a second sheriff's deed, dated May 8, 1848, and a deed from W.—the purchaser at said sales—to G. F. S., one of the defendants, dated March 22, 1852, which evidence was rejected; *Held*, That the evidence was admissible, but that as it did not show any title to the premises in the defendants, the error in rejecting it, was immaterial.

A right of dower, where the dower is unassigned, cannot be set up as a defense in an action of right, against the person holding the fee of the land.

Where in an action of right against the widow and heirs of S., in which the plaintiff claimed under a judgment against the husband and father, the widow pleaded that she was the wife of the said S. at the time of

the recovery of the judgment, and continued so to be till the time of his death, and that she is entitled to dower in the premises, and to the possession of the dwelling house until her dower is assigned; to which the plaintiff demurred, for the reason that the facts stated in the plea constituted no defense, and that the widow's title to dower is inchoate, until it is set off, which demurrer was sustained; *Held,* That the demurrer was properly sustained.

While section 1397 of the Code, gives a widow the right to petition for an assignment of her dower, at any time after twenty days from the death of the husband, yet this right does not control the right of possession, which remains as at common law.

Where a widow's right to the possession of real estate comes under the law of dower only, and not under the law in relation to the homestead, she cannot claim possession by virtue of the latter.

In an action of right against the heirs of her husband, a widow, whose dower is unassigned, is not a proper party defendant; and if made a party, the judgment recovered by the plaintiff cannot affect her right of dower.

In an action of right commenced against the ancestor, and to which the heirs are made parties after his death, the heirs are not liable for damages for the rents and profits, while the ancestor was in possession of the premises. They are only liable for such time as they are shown to have been in possession.

In such a case, if the plaintiff seeks to recover damages from the ancestor, his administrator should be made a party, with the heirs, or a separate action should be instituted against him.

*Appeal from the Des Moines District Court.*

WEDNESDAY, APRIL 20.

THIS is an action of right, to recover the possession of certain real estate, commenced in 1848, against Jeremiah Smith. Upon his death, his widow and heirs were made parties defendant. Judgment for the plaintiff, and the defendants appeal. The material facts and the errors assigned, are sufficiently stated in the opinion of the court.

*Browning & Tracy,* for the appellants.

*Hall, Harrington & Hall,* for the appellee.
    VOL. VIII.—46

WOODWARD, J.—This cause has been before us on two former occasions. 1 Iowa, 306; 5 Iowa, 159. A brief statement of facts only, will be necessary.

The plaintiff claims by virtue of a judgment recovered by Smith, Brothers & Co., against Jeremiah Smith, the ancestor, February 17, 1840; a sheriff's sale on the 15th of May, 1841; a sheriff's deed to Grimes, on the 18th of June, 1841, and recorded 18th of August, 1841; also, a second sheriff's deed to Grimes, of October 28, 1843, and recorded on the same day; and a deed from Grimes to the plaintiff, of May 31st, 1844, recorded the next day.

The defendants make title under a judgment recovered by Smith Purcell, against Jeremiah Smith, on the 29th of May, 1841; and offered in evidence, to support their title: *First.* A deed of the 24th of November, 1846, made under an execution, dated June 19, 1845, and a sale on the 16th of August, 1845; *Second.* A deed dated 15th of June, 1847, under an execution of the 22d of August, 1845, and a sale on the 27th of September, 1845; and *Third.* A deed of May 8th, 1848, under an execution of December 10, 1846, and a sale of January 25, 1847; *Fourth.* A deed to George F. Smith, of March 22, 1852, from Isaac Whitsell, who was the purchaser under the foregoing sales.

The questions made at this time, and the errors assigned, arise under bills of exception, showing the following matters:

*First.* The defendants offered in evidence, the above judgment in favor of Smith Purcell, and against Jeremiah Smith, of May 29, 1841, with the executions issued thereunder, the certificates of sale, and the sheriff's deeds to Whitsell, and that from him to George F. Smith, one of the defendants—all of which are above mentioned, and which were, all singly, rejected by the court.

The same question, in effect, was made upon the former hearing of the cause, and was decided adversely to the position of the defendants. We see nothing in the attitude of the cause, at this time, which should change the opinion

then expressed.    The defendants argue, that although Grimes purchased before the judgment in favor of Purcell, yet as he did not take a deed, and record it, until after the rendition of the Purcell judgment, the lien of the judgment under which Grimes purchased, was gone, and the lien of that in favor of Purcell intervened, and took precedence.   The former opinion obviates this objection to the plaintiff's title, by the view that the lien of the judgment of Smith, Brothers & Co., (in February, 1840), possessed equal vitality as a lien, with that of Purcell, of May 29, 1841, and thus far, there was no reason why it should be held that the judgment last recovered should take priority.

But the defendants urge a further argument, in the present hearing of the case.   They argue that the judgment lien, depends upon the power to sue out execution, and that the giving a delivery bond, stay bond, and the like, is a substitute for the lien of the judgment.   Consequently, as Jeremiah Smith executed a stay bond, with surety, to stay the execution, for the term of six months, the lien of the judgment was taken away; and they cite *Jones* v. *Peasely*, 3 G. Greene, 52; and *Brown* v. *Clark*, 4 How., 4; 16 Curtis, 3.

Without discussing this, as a rule of law, but assuming it for the present, we may ask, what benefit will the defendants derive from it, for the same act which authorized the stay bond, made it a judgment confessed, and according to the same case of *Brown* v. *Clark*, no further entry of judgment was necessary, but the bond *per se* constituted a judgment.   This stay expired on the 15th of August, 1841, which was nine months before the judgment of Purcell. The execution, also, recites the fact of giving the stay-bond, so that, under this view of the case, it is a sufficient execution for such judgment.

Still, in strictness, these papers were admissible in evidence, and the court would, in ordinary course, have instructed the jury upon the effect of them, rather than reject them totally.   But as the instruction would necessarily have

been, that they were insufficient to support the defendant's claim against the plaintiff, the course taken in rejecting them, became immaterial, for the effect was the same.

The error secondly assigned, is to the sustaining the demurrer of the plaintiff, to the answer of Ellen M. Smith, filed April 28, 1858. In this answer of Ellen M., she pleads that she was the wife of Jeremiah Smith, at the time of the recovery of the judgment under which plaintiff claims, and continued so to be till the time of his death, and that she is entitled to dower in the premises, and to the possession of the dwelling house until her dower is assigned. The demurrer to this answer objects, that the matter set up does not constitute a defense, and that her title to dower is inchoate, until it is set off.

It is not clear that the demurrer intends to raise the question of her right to dower, but the reverse is inferred, from the causes of demurrer assigned. And these are very properly assigned, for, as will appear hereafter, the right cannot be tried at this time, and in this manner. And besides this, her plea is, in reality, a plea which goes to the possession only.

But the leading question now is, whether the widow can plead this right against the plaintiff. The plea goes only to the right of possession. She claims to hold possession of the " mansion-house and messuage," until her dower is assigned. By Magna Charta, (chapter 7), the widow was allowed this possession, for forty days from the death, unless her dower was sooner assigned, which was called her *quarantine*. This is still the law in these states, save where statute has changed it. See the cases hereafter cited. But the right of dower—the dower being unassigned—could not be set up against one holding the fee, after the expiration of the quarantine. Even the heir could expel her, and drive her to her action. *Jackson* v. *Donaghy*, 7 Johns., 247 ; *Sheafe* v. *O'Neil*, 7 M. R., 13 ; *Moore* v. *Gilliam*, 5 Munf., 346 ; *Doe* v. *Natt*, 2 Carr & P., 430 ; *Chapman* v. *Armistead*, 4 Munf., 382 ; 4 Kent, 61, 62 ; 1 Thos. Coke,

584; *Grimes* v. *Wilson,* 4 Blk., 331; 2 Ib., 260; *Smith* v. *Addleman,* 5 Ib., 406; *Strong* v. *Bragg,* 7 Ib., 62; *Williamson* v. *Ash,* 7 Ind., 495; *Adkins* v." *Holmes,* 2 Ib., 197.

The contrary doctrine has been held in New Jersey, in *Halsey* v. *Dodd,* 1 Halst., 367, so far as that she might set up this right, she being in possession, but this was under the statute. And the same has been held in Indiana, the statute lengthening her quarantine, as will be seen in some of the cases cited above.

In *Jackson* v. *Donaghy,* 7 Johns., 247, VanNess, J., says: "The only instance which has fallen under my observation, in which this construction of Magna Charta has been questioned, is a dictum of Gould, J., in the case of *Goodlittle* v. *Newman,* 3 Wells., 519, where he said that the court could not turn the widow out until her dower was assigned to her, but he was undoubtedly mistaken."

Her right is regarded as but a right in action. She is not an heir, neither is she a tenant in common with the heirs. She has no estate, until dower is assigned. Her right is to hold for the given time, and if dower is not set out, then to sue for it. See cases above, and *Cox* v. *Jugga,* 2 Cow., 638; *Shields* v. *Butts,* 5 J. J. Mar., 13. It cannot be set up as a failure of consideration, to a note given for the purchase money of the land. *Smith* v. *Ackerman,* 5 Blk., 541. In some of the states, the widow is permitted, by statute, to hold until dower is assigned, as in New Jersey, North Carolina, and, perhaps, Indiana. 4 Kent, 61, and note. Our law, (Code, section 1397), gives her the right of action—or of petition, instead of it—at any time after twenty days from the death, but this does not seem to control the right of possession, which is presumed to remain as at common law.

But the law of later times, has introduced the homestead, and ours, (section 1395), provides that the dower shall be so assigned as to embrace this, unless she prefers a different arrangement. Although the right of dower may be gov-

erned by the law at the time of alienation, yet the mode of assignment would be directed by the law at the time of the death, or of the assignment, which are the same in this instance. As the widow's right, however, in this case, is under the law of dower only, and not in any degree under that of the homestead, she cannot claim possession by virtue of the latter.

But the counsel of this defendant argues, that although the plaintiff has not sued to recover her dower, yet if he recovers judgment, he recovers that and holds it, for she pleads it, and it is final. This, however, does not follow. She is not properly a party. In suing for the land, the plaintiff should sue the heirs alone, while the dower is yet unassigned. But he makes her a party, and she pleads the only right that was then in her—a right of dower; and if she cannot plead this, and the dower is not assigned, so that she may plead that, the judgment recovered by him cannot affect her. It cannot be rendered final against her, but against the heirs only—leaving her to apply for her dower thereafter. Her position leads, of necessity, to this conclusion. Her dower is not assigned, and there is no laches on her part in respect to it, for the husband has deceased during the pendency of this action. We do not mean to say, that there could be such laches, in this respect, as to give the plaintiff any better right, but that, if the idea had place under any state of things, it is not so here. Then she cannot plead her dower, because it is not set out; and the law does not permit her to plead the right alone, and it follows, of course, that the judgment recovered by the plaintiff, can only give him possession as against her, but leaving her claim untouched. "The widow's right of dower," says one of the cases, "is paramount to the right of the heirs, or their creditors, and is not prejudiced by anything which they have done." *Crocker* v. *Fox*, 1 Root, 227; *Calder* v. *Bell*, 2 Root, 50.

The foregoing remarks cover, also, the third, fourth, and

fifth assignments of error, which relate to the right of the widow to hold possession.

The sixth assignment is to the instruction that the plaintiff, if he recovered, would be entitled to damages for rents and profits, for the amount proven, for six years then last past.

The statute, (Code, section 2008), assumes the law to be, that the plaintiff, in an action for the recovery of real property, may recover also, for the use and occupation, by limiting the same to six years prior to the commencement of the action, and therefore we understand the objection to apply to the instructions, as it related to these defendants. The action was commenced in the year 1848, against Jeremiah Smith, himself, and so continued until 1852, or 1853, when he died. The cause was once sent back from this court, (1 Iowa, 306, and 5 Iowa, 159), to make the heirs parties, and it was not until October, 1857, that a guardian was appointed for some of the minor heirs, and at the April term, 1858, the defendants pleaded.

Under these circumstances, a judgment for the use and occupation for the full six years, could not be rendered against the heirs. It would be a judgment *in personam*, and stand against them individually. They are not thus responsible for the act of their ancestor. To recover these damages after the death of the ancestor, (unless the heirs are in possession), the administrator should have been made a party with the heirs, or an action against him should be instituted. But the heirs must be held liable from the death of the ancestor, if they were in possession, or from such time as they are shown to have had possession.

Before closing, it may be proper to call attention to the circumstance, that besides the reason above stated for rejecting the deeds, &c., offered in evidence by the defendants, one of them—that of June 15, 1847, under the execution of August 22, 1845, and the sale of September 27, 1845—does not contain the land in controversy; and that of November 24, 1846, contains a part only of the same,

namely, sixty acres. This objection to the first of these two, would sustain the rejection of it entirely.

In conclusion, the decision of the court upon the points assigned as error, must be affirmed, except that on the question of damages, which is reversed; and the plaintiff will be allowed to recover against the heirs only, and from the death of the ancestor, Jeremiah Smith, if in possession, or from the time of their having possession, as above held.

Reversed in part.