LUTHER COREY and JEREMIAH WRIGHT, *plaintiffs in error*, *vs.* THE PEOPLE OF THE STATE OF NEW YORK, *defendants in error.*

A widow, after her quarantine of thirty days has expired, has no right to tho possession of premises of which her husband died seised, and no right to enter thereon for her dower before it has been assigned to her.

The law does not justify the owner of real or personal property in taking possession of it by his own act, from another, unless he can do so without violence or a breach of the peace.

The rightful owner of a house, having obtained possession thereof peaceably, and having the right to the possession, will be justified in using all necessary force to defend his possession.

And one who has rented the house, as tenant of the owner, and acts under him in entering it, possesses the same right to use force in keeping the possession that the owner has.

If the owner of a house, finding the same unoccupied as a dwelling, draws out the staple holding the lock that fastens the door, and enters the house, he will be deemed to have entered peaceably, notwithstanding the former occupants, claiming title, may have continued to use it as a store house in which they kept grain, salt, flour, &c.

THE plaintiffs in error, (Corey and Wright,) were found guilty of an assault and battery upon Sanford Brown, in the Broome county court of sessions, in December, 1864, and Corey was sentenced by that court to pay a fine of $10, and Wright was also sentenced by the same court to pay a fine of six cents. The record and exceptions taken on the trial in that court by the plaintiffs in error were brought before the Supreme Court by writ of error.

It appeared on the trial that one Nelson Corey owned a piece of land in the town of Vestal, in the county of Broome, and that he had a wife with whom he had lived in a house on the land. While living in the house on the land he went into the service of the United States as a soldier, and died while in that service. He had no issue, and left no will. His widow remained in the house, and in August, 1863; she married Sanford Brown, who lived with her in the house until January, 1864, when he moved and lived with her on a lot he owned near by. He and his wife left some grain and other

Corey *v.* The People.

things in the house, on the land of which Nelson Corey died seised, and Brown kept the door of the house locked, and he occasionally went to the house and upon the land, and claimed to have possession of the same in right of his wife.

The plaintiff in error, (Luther Corey,) was the father of Nelson Corey, and claimed the land as heir of his son. He leased the land and house to his co-plaintiff in error, (Wright,) and they went upon the land and broke open the house and, took possession of the same on the 4th day of April, 1864, no person being on the land or in the house when they went there. They had moved some of Wright's household goods into the house, and had put up a stove in it, when Brown came there and went into the house and asked Corey what right he had there, who answered he had business there, for it was his property. Brown claimed the house and land, and forcibly put Corey and Wright, and the goods of the latter, out of the house. They resisted, Corey claiming that he owned the house, and that he and Wright had the right to the possession of it, and to remain there. Corey and Wright fought Brown in their attempts to remain in the house, and struck him in resisting his efforts to put them out; and it was for blows they then and there inflicted upon Brown, in attempting to remain in the house, that they were convicted and fined in the court of sessions.

The counsel of Corey and Wright requested the court to instruct the jury that Corey, being the owner of the property, as the heir at law of his son, had the right to enter upon said property and take peaceable possession thereof; but the court refused so to instruct them, and Corey and Wright excepted. Said counsel also requested the court to instruct the jury that Corey, being the owner of the property, had a right to enter upon it peaceably, himself, and with his servants and property, and Corey being so upon his property, Brown had no right to remove or attempt to remove, him or his property by force; but the court refused so to instruct the jury, and Corey and Wright excepted. The court refused to instruct the jury

that Corey was entitled to the possession of the house and land at the time he entered thereon, and Corey and Wright excepted.

The court charged the jury, in substance, that the right of dower Mrs. Brown had in the property gave her the right to the possession of it; to which Corey and Wright excepted. The court also charged the jury that if Brown, upon first learning that Corey and Wright had entered upon the property, immediately attempted to get them from it, he had the right to eject them, and in so doing to use all force necessary for that purpose; to which Corey and Wright excepted. The court also charged the jury that if Brown and his wife left the property intending to retain possession of it, as testified to by Brown, then Brown and his wife were in possession of it when the defendants went there, and the defendants had no right to go there, and Brown had the right to remove them by force, if they would not go away without it; to which Corey and Wright excepted.

· Other requests to charge which were refused, and that part of the charge where the court said "If either Corey or Wright had the right of possession, or had actual possession, Brown had no right to interfere," do not vary the effect of the other refusals to charge as Corey and Wright requested the court to charge, or the effect of the portions of the charge above set forth.

*Lewis Seymour*, for the plaintiffs in error.

*O. W. Chapman*, (district attorney,) for the defendants in error.

*By the Court*, BALCOM, J. Luther Corey was the owner in fee of the premises in dispute, as heir at law of his deceased son, Nelson Corey, at the time of the fight between him, Wright and Brown for the possession of the house. The widow of Nelson Corey, who had married Brown, was

entitled to dower in the premises, but it had not been assigned to her, and her right to it rested in action only. She has no estate in the land, and as her quarantine of forty days from the death of her first husband, Nelson Corey, had expired, she was not entitled to the possession of the premises, and she and her husband, Brown, were trespassers thereon (*See Jackson* v. *O'Donaghy,* 7 *John.* 247; 1 *Washburn on Real Property,* 253.) She had no right to the possession of the premises, and no right to enter thereon for her dower, because it had not been assigned to her. Such is the law in this state, though it is otherwise in New Jersey and some other states. (*See* 4 *Kent's Com. 9th ed. p.* 65, *&c.*) Brown had no right to occupy the premises, for the reason that his only claim to the same was in right of his wife as widow of Nelson Corey, deceased. Luther Corey, as owner in fee of the premises, was entitled to the possession of the same when he and Wright entered thereon and took possession of the house.

It was proper for Wright and Corey to show that the latter was entitled to the possession of the premises, though that fact would have been immaterial if Brown had been in the house at the time they entered it. (*See Parsons* v. *Brown,* 15 *Barb.* 590.) Had Brown been in the house at that time, he would have had the right to defend his possession, and the right to use all necessary force to keep Corey and Brown out of it. The law does not justify the owner of real or personal property in taking possession of it, by his own act, from another, unless he can do so without violence or a breach of the peace. (*Scribner* v. *Beach,* 4 *Denio,* 448. *Willard* v. *Warren,* 17 *Wend.* 257. *People* v. *Smith,* 24 *Barb.* 16.) Brown and his wife were not living in the house, and no person was there when Corey and Wright went there and drew out the staple which held the lock that fastened the door, and entered the house. They had taken the actual possession of the house, and Wright had moved in some of his goods as tenant of Corey, when Brown came there and forcibly put

them out. Corey and Wright must be deemed to have taken possession of the house *peaceably*, though they were obliged to break open the door to enter it; and having obtained possession of the house peaceably, and having the right to the possession of the same, they were justified in using all necessary force to defend their possession. (*See* 4 *Denio*, 448; 17 *Wend*. 257; 15 *Barb*. 590; 24 *id*. 16.)

It can not be said that the house was Brown's castle or the castle of his wife, for they did not live in it or use it at the time as a dwelling. They used it only as a store house, in which they kept grain, salt, flour, pork barrels, old trumpery, &c. It was not on premises where they lived, and was no more sacred than a barn. And as Corey obtained possession of it without violence or a breach of the peace, and owned it and had the right to the possession of it, he was justified in attempting to retain the possession of the same; and as Wright had rented the house as tenant of Corey and acted under him in entering it, he possessed the same right to use force in keeping the possession of it that Corey had.

For these reasons we are of opinion the court of sessions committed errors in charging the jury and by refusing to charge some of the propositions they were requested to charge; and that the judgment of that court should be reversed, and a new trial granted therein.

So decided.

[BROOME GENERAL TERM, November 21, 1865. *Parker, Mason* and *Balcom*, Justices.]