Greathead's Appeal from Probate.

———— •◆• ————

## GEORGE GREATHEAD'S APPEAL FROM PROBATE.

The dower interest of a widow can be taken on execution for her debts before her dower has been assigned.

It is the duty of the court of probate, upon the application of the levying creditor, to cause the dower to be assigned.

The statute (Gen. Statutes, Rev. of 1866, p. 421, sec. 83,) which provides that the court of probate shall cause dower to be assigned upon the application of the heirs or of the widow, does not limit its right to act to cases where such application is made. The jurisdiction of the court exists independently of any such application.

APPEAL from a decree of a court of probate dismissing an application of the appellant for an order setting out dower; brought to the Superior Court in Litchfield County.

The appellant had obtained a judgment against Caroline T.

Walton, widow of Frederick A. Walton, late of Salisbury, in Litchfield County, for a debt which accrued after the death of the said Frederick, and had levied an execution, issued upon the judgment, upon the dower interest of the said Caroline in the real estate left by the said Frederick. The dower of the said Caroline had not been assigned to her at the time of the levy, and the appellant brought an application to the court of probate of the district of Salisbury for its assignment, which application the court dismissed.

The Superior Court found the facts and reserved the case for the advice of this court.

*Graves* and *Andrews*, for the appellant.

*D. J. Warner*, with whom was *E. W. Seymour*, for the appellee.

LOOMIS, J. The record in this case presents two questions for the consideration of this court:

First. Can the dower interest of a widow in her deceased husband's lands, be taken on execution for her debts, before her dower has been assigned?

No good reason can be suggested why it may not be done. There is no statutory exemption, and none is required by the policy of our law. On the other hand, the nature of the dower right renders it clearly liable to be taken on execution. It is not a mere chose in action, but a freehold estate, which, by our law, vests in the widow in common with the heirs, immediately upon the decease of her husband, and does not depend upon the assignment, which is a mere severance of the common estate. *Stedman* v. *Fortune*, 5 Conn., 462; *Crocker* v. *Fox*, 1 Root, 227.

It is also such an estate, without any assignment, that the widow may convey it, and her assignee will hold as tenant in common with the heirs or other persons entitled to the estate. *Wooster* v. *Hunts Lyman Iron Co.*, 38 Conn., 256.

The appellant in this case, by his levy and the proceedings had thereon, acquired all the right which the widow was

entitled to in the estate; and this brings us to the second question, which is—Ought the court of probate, upon application of the levying creditor, to have caused the dower interest to be set out and assigned?

This question also must be answered in the affirmative.

The fact that the widow's entire interest has become vested in another, cannot affect the power of the court to make the assignment, and a transfer by operation of law can have no greater effect in this respect than a voluntary conveyance.

In *Holcomb* v. *Sherwood*, 29 Conn., 418, it was decided that "where an heir at law, before the distribution of an estate, conveys away his interest, the power of the court of probate to order a distribution is not affected. The court in making the distribution should treat the estate and the rights of the heirs to it as if no such conveyance had been made, and as if no rights of attaching creditors or others had been acquired to any part of it."

In answer to the question "how the rights of such third persons were to be protected," the learned judge who gave the opinion said: "We presume persons who have acquired such an interest have heretofore been permitted to appear, either in their own names or in the names of the persons in whose shares they have acquired an interest, either to object to the acceptance of the distribution, or to take an appeal therefrom, as they have supposed was for their interest."

The principles that must control the case now under consideration are analagous to the case just cited, or, if there is any difference, it is in favor of this case, because it would seem from the opinion in the case of *Way* v. *Way*, recently decided by this court, (*ante*, page 52,) that there is no tribunal in this state, other than the court of probate, that has jurisdiction to assign and set out the dower estate, and if this application is denied the appellant must be left without any severance of his interest, unless indeed the widow or heirs choose to apply for his benefit, which is not probable.

But the claim is made in this case, in behalf of the appellee, that by the General Statutes, Revision of 1866, p. 421, sec. 83, under which this case arises, the court of probate can only

act in the assignment of dower upon the application of the heirs or complaint of the widow.

Such a construction of the statute is erroneous. The provision referred to was not intended to limit the power of the court of probate, but to hasten the action of the court in the assignment of dower, at the call of those originally interested. The jurisdiction of the court does not depend upon such application, but exists independently of it. The same statute that directs the court of probate to distribute to the heirs their respective portions, also directs that one-third part of the real estate be distributed to the widow during life; and under this statute the widow takes her dower without any prior request to the court, in any form, to have the same assigned. General Statutes, Revision of 1866, p. 414, sec. 57.

The Superior Court is advised to reverse the decree of the court of probate.

In this opinion the other judges concurred.