## EMONDS v. TERMEHR ET AL.

1. **Agent:** OF UNINCORPORATED SOCIETY: LIABILITY FOR MONEY AD-
. VANCED. Plaintiff, knowing that defendant, T., was the agent or trus-
tee of an association of persons unincorporated, and dealing with her
as such, advanced to her for the society $500, upon condition that if not
used, or if it should ceased to be used, for a certain purpose, it should be
refunded, but if so used, to be an absolute gift. The condition was not
complied with, and it is sought in this action to recover against her a
personal judgment for the amount. *Held* that, inasmuch as it does not
appear that defendant, T., agreed that she would, under any circum-
stances, repay the money herself, plaintiff cannot recover.

2. **Vendee:** WITHOUT NOTICE: EQUITABLE LIEN. A good faith pur-
chaser of realty for value, and without notice of an equitable incum-
brance in favor a third party, takes it free from such incumbrance.

3. **Vendor and Vendee:** INADEQUATE CONSIDERATION: BADGE OF
FRAUD. In the absence of any other evidence tending to show fraud in
the transfer of real estate, the mere inadequacy of the consideration paid
is not sufficient to do so:—Following *Cavender v. Smith*, 8 Iowa, 360, and
*Boyd v. Ellis*, 11 Id., 102.

### *Appeal from Johnson District Court.*

#### THURSDAY, DECEMBER 7.

ACTION IN EQUITY. The relief asked is that the plaintiff
recover judgment against the defendant, Termehr, and that a
conveyance of real estate to the defendant, Goetz, be set aside
as fraudulent, or that an equitable lien be established thereon
in favor of the plaintiff, and that the premises be sold to sat-
isfy such lien. The court denied the relief asked and dis-
missed the petition. The plaintiff appeals.

*Baker & Ball,* for appellant.

*Boal & Jackson,* for appellee.

SEEVERS, CH. J.—The material facts are that in 1875 the
defendant, Termehr, was Superioress of the Sisters of St.
Francis Convent, consisting of herself and thirty other Sis-
ters, then located in Germany.

The Sisters aforesaid came to Iowa City with the intention

of establishing and maintaining a convent at that place, and there devote themselves to the education of the youth, and the care of the sick members of the Catholic Church. The plaintiff was at that time, and now is, a member of said church and "Parish Priest" thereof. Certain real estate was purchased for the purpose aforesaid of the defendant, Goetz. The conveyance executed by him is as follows:

"*Know All Men by these Presents*: That we, John Goetz and Maria R. Goetz, husband and wife, of Johnson County, State of Iowa, in consideration of the sum of $1,200 in hand paid, do hereby sell and convey unto the Superioress of the Sisters of St. Francis, at Iowa City, Iowa, Maria Xaveria Termehr, in trust for the use herein set forth, the following described premises, to-wit: Block number thirty-two (32), in Iowa City, Johnson County, Iowa, in trust, however, that she, or her successors in office, shall, upon the incorporation of said community of Sisters into a Convent, at Iowa City, Iowa, convey said property to the parties authorized in the article of incorporation to hold real estate for said corporation."

The building upon said real estate being deemed insufficient, the Sisters concluded to erect an addition thereto, to the erection of which the plaintiff contributed $600 at the request of the defendant, Termehr, as he claims, and as an inducement for him to do so, the plaintiff claims that the said defendant represented that the "community of Sisters should become incorporated" and own said building and real estate as a corporation, and the same should be permanently used by the Sisters, who are a benevolent and charitable order or community of the Catholic Church. The plaintiff claims that the defendant, Termehr, agreed, in case she and said·Sisters should cease to use said building for a convent as above set forth, that she would repay to the plaintiff the said sum contributed as above stated. In 1878, for the consideration of one thousand dollars, the defendant, Termehr, conveyed the premises to the defendant, Goetz. For the purposes of the

case it must be conceded that the other Sisters joined in such conveyance and that thus the legal title was vested in Goetz. The Sisters left Iowa City, at least many of them did so, and have abandoned the intention of establishing a convent at that place.

I. It is insisted that the plaintiff is entitled to a judgment against the defendant, Termehr. She was the Superioress or agent of a community of persons who had associated themselves together for charitable purposes. The circumstances under which the money was paid or contributed are as follows, as testified to by the plaintiff: "When defendant and the Sisters came here, they first occupied a house on the block in question, which was given for such purposes. The original building was too small, and it was proposed to put an addition to it, and they had not the means, and I told them that, as they came here for the purpose of establishing that house in Iowa City, and, under that express condition, I would give them $500 toward the building, if it was used for that purpose. I told this to defendant Termehr, and I contributed the $500 under the condition that it should be used for the purpose for which they came here, and if it was not, if it was ever diverted from that purpose, that I wanted mine back. When I told her that I gave the money on condition that the building should be used for that purpose and that if it was not it should be repaid me, she said they came here for that purpose, and they had no other purpose, and of course, I supposed, agreed to it. She took the money anyhow; she did not make any objection to the conditions I named." We are unable to find from the foregoing, that the defendant, Termehr individually agreed that she would repay under any circumstances the money received by her. The money was paid to her as the known agent of the Sisters. She received it for them, and as such agent she may have agreed to the conditions named, but she assumed no personal responsibility except as one of the Sisters. It would, therefore, be mani-

1. AGENT: of unincorporated society: liability for money advanced.

festly unjust to render a personal judgment against her. The defendant, Termehr, was the head of an association öf persons who were unincorporated. The extent of her authority does not appear. But it is clear that she was a mere agent, and that the plaintiff so knew, and contracted. The defendant, Termehr, testifies: "Father Emonds always knew when he gave his gifts that I was agent or trustee only." This is not denied by the plaintiff.

The real estate was conveyed to defendant, Termehr, in trust for the Sisters. She had no personal interest therein separate and apart from or any greater than any other Sister. The money was paid for and used for the benefit of the Sisters, to state the case as strongly as possible for the plaintiff. There can be no recovery against the defendant, Termehr, and none is asked against the Sisters.

II. The plaintiff insists that the money contributed by him should be charged upon the real estate in the hands of Goetz. This is possibly so, if Goetz had knowl-edge of the conditions upon which it was con-tributed, but not if he is a purchaser in good faith without notice. It is not claimed that Goetz had express knowledge of the conditions under which the contribution was made. It may be said that he had notice that the property had been conveyed to his co-defendant in trust for the Sisters, but the conveyance did not notify Goetz that the plaintiff had contributed anything to the trust estate, and, therefore, did not notify him of the conditions The only evidence we find in the record tending to show notice is the following admission in the answer of Goetz: "Admits that he knew that the property was conveyed to said Termehr in trust for said Sisters and that he heard said Emonds and others had contributed some money to aid said convent, but denies that he ever heard or knew that said payments or gifts were upon any condition whatever, or other than gifts." This is a denial of all knowledge that the contributions were made upon the agreement or expectation that the same were

*2. VENDEE without notice : equit-able lien.*

to be repaid on any conditions. Goetz, therefore, must be held to be a purchaser for value, without notice that plaintiff had any interest in the property.

Counsel have invited us to enter upon a discussion of charitable trusts, under the claim that the principles that underlie such trusts, would largely tend to determine this case. Under the circumstances above stated, we deem it unnecessary to enter this field.

III. It is claimed that Goetz is not a good faith purchaser because of the gross inadequacy of the consideration paid.

3. VENDOR and vendee : inadequate consideration : badge of fraud. This question is merely suggested in argument by counsel for the plaintiff. In the absence of any other evidence tending to show fraud, we deem it sufficient to say that the inadequacy is not sufficient to do so. *Cavender v. Smith et al.*, 8 Iowa, 360; *Boyd v. Ellis*, 11 Id., 97.

AFFIRMED.