(18 App. Div. 231.)

CREMORE v. HUBER et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. PLACE OF AMUSEMENT — EJECTION OF PATRON — CONDUCT OF OTHERS—RES GESTÆ.
   Where employés of a place of amusement removed plaintiff therefrom, with force, immediately after other patrons had referred to him as "nigger" and thrown water in his face, the action of the other patrons may be considered as part of the res gestæ, though the proprietors are not responsible therefor.

2. SAME—RIGHT TO EJECT.
   A patron of a place of amusement, who has paid his admission fee, and not forfeited by his conduct his right to remain, is not bound to leave on request of the proprietors.

3. SAME—RIGHT TO RESIST—INSTRUCTION.
   Where the evidence is conflicting as to whether a patron of a place of amusement, who was ejected with force, had forfeited his right to remain, it is proper to refuse an instruction that if he, in his resistance, exceeded the limits of necessary protection, and employed excessive force for such purpose, he thereby became a trespasser, and could not recover; he not having used force other than in resistance of that employed to remove him, and it having been insufficient for that purpose.

4. INSTRUCTIONS.
   Statement of the court to the jury, on being requested to give a certain charge, "I have so charged you already," is practically charging as requested.

Appeal from trial term, Kings county.

Action by Frederick S. Cremore against George H. Huber and another. From a judgment on a verdict for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John A. Straley, for appellants.
Charles F. Brandt, for respondent.

BRADLEY, J. The defendants, as proprietors, conducted a place of amusement in the city of Brooklyn known as the "Casino," where they gave concerts and stage performances nightly. On the evening of January 9, 1895, the plaintiff entered the place, and, after having remained there a short time, was ordered to leave, and, on his refusal to do so, was forcibly ejected. He charges that he was assaulted and thrown out, and thus denied the privileges of the place of amusement, because he was a colored person. The evidence on the part of the plaintiff is to the effect that he paid the entrance fee to hear and witness the performance on the stage, entered, and took the only vacant chair at a table about which four white persons were sitting; that they commenced moving their chairs; that some one said: "What is this nigger doing here? What does the nigger want? I wonder if he is Dixon;" that, accompanied by an unpleasant remark, the contents (water or something else) of a glass were thrown in his face; and that thereupon he was ordered to leave, and, on his refusal to do so, was forcibly attacked, thrown down, dragged out, and beaten and kicked on the way. Whatever violence upon him attended his removal from the place was inflicted by the employés and servants of the defendants, and one of the defendants was present on the occasion. This concert hall was open to the public, and on the evening in question there was a large attendance. And the plaintiff's evidence tended to prove that he was entirely sober, conducted himself with propriety, and gave no occasion for his expulsion from the place. But the evidence on the part of the defendants was quite different, and to the effect that the plaintiff was intoxicated, noisy, using abusive and offensive language in such manner as to justify his forcible expulsion on his refusal to leave the hall, which he did refuse to do, and that thereupon no more force was employed than was necessary to accomplish his removal from there. Upon the conflicting evidence, a question of fact on the main issue was presented for the jury. The motion for the dismissal of the complaint was therefore properly denied. And the questions requiring consideration arise upon exceptions taken to the charge, and to the refusals of the court to charge as requested.

The court was requested to charge that the defendants were not responsible to the plaintiff for what was done by the patrons preceding the time when the defendants' servants and agents participated therein, and that "the jury, so far as holding the defendants responsible pecuniarily therefor, must disregard wholly all evidence thereof." The court charged as thus requested, except the final

words, "must disregard wholly all evidence thereof," and added that the jury might regard that evidence in taking into account the circumstances under which it occurred. The exception to this modification was not well taken. The transaction was a continuous one, and the contributing circumstances to it in its preliminary stages were properly the subject of evidence bearing upon the causes and provocations which may have led to what followed, although the defendants may not have been in any sense responsible for what took place at the inception of the affair to which the plaintiff was a party; but, as the court charged, the defendants could not be held responsible for anything that occurred before their servants or agents became participants. These views—that this evidence was properly in the case as part of the res gestæ—are applicable alike to the exception taken to the denial of the motion to strike out such evidence.

The court was requested and declined to charge that it was the duty of the plaintiff, if he was requested by the defendants or their agents to leave the place, to do so at once and without resistance. This proposition rests upon the assumption that the plaintiff had no right to remain in the Casino against the will of the defendants. They had no right to exclude him from the privileges of the place, as one for public amusement, by reason of his race or color. Pen. Code, § 383. And it is just to the defendants to add that they disclaim any such right or purpose. We must assume, for the purposes of the question arising upon the proposition which the court was requested to charge, that the plaintiff had paid his entrance fee, and was properly there to witness and enjoy the entertainment, provided he behaved himself, and did not by his conduct become a trespasser. If he did not by his conduct forfeit his right to remain, it was not his duty to leave on the request of the defendants. It cannot be assumed as matter of law. And therefore such request to charge was properly declined.

Upon the request of the defendants' counsel to charge that, "If the plaintiff, in his resistance to the defendants' agents and servants, exceeded the limits of necessary protection to himself, and employed excessive force, he became a trespasser himself," the trial justice said to the jury, "I have so charged you already." This was, in practical effect, charging as requested.

The defendants' counsel thereupon requested the court to charge that:

"If the jury believe that the plaintiff, in his resistance, exceeded the limits of necessary protection, and employed excessive force for such purpose, he thereby became a trespasser, and the verdict must be for the defendants."

The court declined, and exception was taken. It is true, as a legal proposition, that while a person attacked by another may, in self-defense, use such force as he is permitted under the circumstances to deem necessary for the purpose, he, by going beyond that, and making use of unnecessary force, may become the aggressor, and thus deny to himself a remedy by action for the assault, and incur liability to his assailant. Elliott v. Brown, 2 Wend. 497; Scribner v. Beach, 4 Denio, 448. This proposition leads back to the inquiry, and

its disposition is dependent upon the question whether the defendants had the right to remove the plaintiff from the place of entertainment, because there can be no well-founded claim, upon the evidence, that, after the defendants' servants proceeded to expel the plaintiff from there, any force was used by him, other than in resistance of that employed to remove him, and it was insufficient for that purpose. If the evidence on the part of the defense was true, the plaintiff had by his conduct forfeited all right to remain in the hall, had become a trespasser, and, having refused to leave, was properly subject to ejection by force, to which any resistance on his part was not justified. But, on the contrary, if the truth was represented by the plaintiff's evidence, the defendants had no right to require him to leave the place, or to use force to remove him therefrom. The proposition which the court was so requested to charge was unqualified, and not, by its terms, made to depend upon the right of the defendants to require his departure, and to use force for his expulsion from the place. As in any other view the evidence was not such as to impute to the plaintiff the use of excessive force, in the sense applicable to it, the exception to the request to so charge was not well taken. Then the import of that request to charge was the same as the proposition which the court had charged. The learned counsel for the defendants proceeded upon the assumption that it was the duty of the plaintiff to go out upon the request of the defendants to do so. In that view, the court, being requested to charge that if no more force was used to remove the plaintiff than was necessary for the purpose, the defendants were entitled to a verdict, said to the jury, "That is true, if they had the right to remove the plaintiff at all," and that the question of their right to remove him for disorderly conduct was for the jury. In this the court was right.

There are some other exceptions relating to the charge of the court. They are on the same lines as those before mentioned. They point to no error, and require the expression of no consideration. The case was fairly submitted to the jury, with proper instructions. The question where the truth was to be found in the conflicting evidence, and upon which the result depended, was one of fact for the jury. And by the application of no satisfactory measure in that respect on this review can it be seen that the verdict was against the weight of the evidence.

The judgment and order should be affirmed. All concur.