THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* LUKE G. LYNCH, JR., Appellant.

Argued October 8, 1940; decided November 19, 1940.

*James G. Blake* and *George E. Mulry* for appellant.

*Charles P. Sullivan*, District Attorney (*Edmund C. Rowan* of counsel), for respondent.

LEHMAN, Ch. J.   A jury has found the defendant guilty of grand larceny in the first degree.   The Appellate Division affirmed the conviction under the provisions of section 542 of the Code of Criminal Procedure, which commands an appellate court to "give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."   The problem presented to this court is whether any erroneous ruling by the trial judge on a question of law affects the defendant's substantial rights.

At the close of the charge counsel for the defendant asked the court " to charge the jury that there are two verdicts only in New York State; either this defendant is guilty of the crime charged or he is not guilty; that there is no such verdict as guilty with a recommendation of mercy."   Then followed the following colloquy:   The Court: " There is no legal verdict.   But the form of the verdict is for the Jury to render; the Jury can render a verdict with a recommendation for mercy, if they so find; what you are thinking about, what you have in mind is the amendment of 1936 in felony murders where a man is murdered during the commission of a felony, while committing a crime, while armed.   In such a case the Jury instead of saying guilty of the crime charged from which the death penalty will follow may recommend mercy which carries life imprisonment.   But, Gentlemen, you may adopt your own form of verdict."

Counsel: " I take an exception.   I ask your Honor to charge the Jury that if a verdict of guilty were brought in

with a recommendation for clemency it would have no legal basis."

The Court: " It has no legal basis. But an intelligent Judge usually likes to follow the Jury's findings; I do; I don't know it all; and I hope I never get so dumb as to think that I know it all. If a Jury recommends mercy I always regard the advice of very intelligent people in my life."

A request of the counsel for the defendant that the jury be instructed that no legal sanction gives force to a jury's recommendation of mercy and that such recommendation has no legal effect is neither improper nor indiscreet. The verdict of a jury should be the result of careful consideration of the evidence by a jury which recognizes that the law places upon it a very grave responsibility which it cannot shift to the judge or share with him. An accused has a right to ask of the court clear instruction to a jury of the extent of its powers and that the " common popular impression that a jury may recommend mercy and thereby perhaps minimize and soften the penalty which the judge would otherwise impose " is not based on any provision of law. (*People* v. *Sherwood*, 271 N. Y. 427, 434, and cases there cited.)

The trial judge's statement that a recommendation for clemency is " no legal verdict " and that it " has no legal basis " might have been sufficient instruction for that purpose, but unfortunately the trial judge did not stop there. In effect he told the jury that if the jury should recommend mercy he would probably follow the advice of the jury. That was an assurance that a recommendation of mercy would " soften the penalty which the judge would otherwise impose."

The record sustains, if indeed it does not dictate, an inference that the erroneous statement of the trial judge may have induced at least some members of the jury to bring in a verdict of guilty in the belief that it would not carry serious consequences and thus it has prejudiced the substantial rights of the defendant. It appears that the jury, after many hours of consultation, reported late at night that

it was unable to agree. It was sent out for further conference and at half-past five in the morning it brought in a verdict of " guilty with a recommendation of clemency." Under these circumstances we cannot disregard the error.

The judgments should be reversed and a new trial ordered.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.