THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES MILLER, Appellant.— Judgment of conviction and order affirmed. All concur, except Dowling, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: The evidence is convincing that Bovee was the aggressor and that the defendant made reasonable effort to avoid a conflict with him. Of the danger which threatened him and of the degree of force necessary to repel the danger, the appellant was the sole judge and his judgment, if honestly exercised, was conclusive even if it should appear after the event that there was no danger and no need to exercise force. The issue, therefore, which should have been submitted to the jury, was whether the appellant knowingly, intentionally and willfully employed more force than was reasonably necessary to repel the attack and not whether more force than was necessary was actually employed. (*People* v. *Lopez*, 238 App. Div. 619; *Shorter* v. *People*, 2 N. Y. 193, 197; *Evers* v. *People*, 3 Hun, 716, 718; *Scribner* v. *Beach*, 4 Den. 448, 450; *People* v. *Dankberg*, 91 App. Div. 67, 70; Penal Law, § 42.) The real issue was not submitted to the jury and the jury were not adequately instructed as to the law of self-defense. Moreover, the court erred in refusing to charge the jury, in substance, that a recommendation for leniency would not justify a compromise verdict.

(*People* v. *Lynch*, 284 N. Y. 239, 241.) It is quite apparent that the hope of leniency finally induced the jury to reach a verdict of guilty. I think the court erred in denying the motion for a new trial on the ground of newly-discovered evidence. The newly-discovered evidence was not merely cumulative. It was material and vital to the defense. The appellant was shown to be an efficient police officer and to have a peaceable disposition. He was subjected to great provocation by the complainant and his companion. The result of the blows was unfortunate. It was essential, therefore, that the jury be instructed clearly and fully as to the law of self defense and as to the question of intent. The judgment of conviction and the order denying the motion for a new trial should be reversed and a new trial should be granted. (The judgment convicts defendant of the crime of assault, second degree. The order denies defendant's motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.