## GETCHELL v. McGUIRE.

1. **Dower**: ASSIGNMENT AT INSTANCE OF WIDOW'S CREDITOR. Whether a court of equity will ever, at the instance of a widow's creditor, cause her dower to be set aside, so that an execution can be levied on it, *quære*; but it will not be done where the petition fails to show that the real estate out of which the dower is sought is all of which the husband died seized, or where all persons interested in it are not brought before the court.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, OCTOBER 27.

· THE plaintiff is a judgment creditor of the defendant, M. P. McGuire. He brings this action to subject to the payment of his judgment the interest which it is alleged that the defendant acquired as widow of Patrick McGuire. The petition shows that the defendant's husband, Patrick McGuire, died, in 1867, seized of 160 acres of land in Dallas county, and two lots in the town of Adel; that her distributive share has never been assigned to her; that for .eighteen years she has occupied no part of the same as a homestead, but has resided during that time in the city of Des Moines. It is not shown what other land, if any, her husband died seized of. The defendant demurred to the petition, and the demurrer was sustained. The plaintiff elected to stand upon his petition, and his action was dismissed. He appeals.

*D. W. Wooden* and *A. N. Porter*, for appellant.

*Sickmon & Long*, for appellee.

ADAMS, CH. J.—At common law, a widow's dower, before assignment, was a mere right in action, and was not subject to attachment or levy of execution. This rule was applied in *Rausch v. Moore*, 48 Iowa, 611, which case arose under the law of 1862, and by which the widow's dower right had been enlarged. Under the Code, § 2440, dower is abolished, and the widow takes a distributive share. That share is one-third in value of the whole real estate, and is not necessarily to be set off in every tract, but may be set off in one, and should be set off so as to include the ordinary dwelling-house, unless she prefers a different arrangement.

The plaintiff seeks to subject the defendant's interest in the specific land described, and for this purpose he prays that he may be authorized and empowered to bring an action to recover the dower or one-third interest in said land, and to have the same set off. We are not aware that a court of equity can empower a person to bring an action where the right does not already exist, and where it does exist no equitable relief is necessary. Possibly, in a proper case, a court of equity might, at the instance of a creditor of a widow, cause her distributive share to be set out, so that an execution could be levied upon it; but this question is not before us, and we do not determine it. It is manifest that the petition, in an action brought for such purpose, should show that the land or real estate belonging to the estate is all the real estate of which the widow's husband died seized. In this case, the petition is defective in this respect. Again, before a court of equity could proceed to set out a widow's distributive share, if it could do it at all, it should have before it all the parties in interest. In this case no party in interest is made a party except the widow.

In our opinion the demurrer was rightly sustained.

                                        AFFIRMED.