*Hartford,*
June,
1825.

STEDMAN and GORDON *against* FORTUNE.

Stedman &
Gordon
*v.*
Fortune.

A widow entitled to dower, becomes, immediately on the death of her husband, tenant in common with his heirs, and remains such, until her dower is set out in severalty; an assignment of dower not being necessary, by the law of this state, to entitle her to enter.

This was an action of ejectment, tried at *Hartford, September* term, 1824, before *Bristol,* J.

The plaintiffs claimed title to the demanded premises, by virtue of a mortgage deed from *James Fortune,* the sole heir of *Luke Fortune,* deceased, who died seised of such premises. *Prudence Fortune,* the defendant, was the widow of *Luke Fortune,* and was, according to the laws of this State, entitled to dower in her deceased husband's estate; but her dower in that estate had never been assigned. The defendant claimed, that if the plaintiffs obtained title to the premises, by virtue of such deed from *James Fortune,* still she, being so entitled to dower, was tenant in common of the premises with the plaintiffs; and that they could not recover, without proof that she held the premises adversely to them, and had ousted them by so doing. The plaintiffs then attempted to prove such ouster; and for this purpose, they adduced evidence of certain circumstances, which, from the eventual decision, it has become unnecessary to state.

The judge instructed the jury, that the defendant was not a tenant in common with the plaintiffs; but if she was, that the evidence was sufficient to warrant the jury to find that she held adversely to the plaintiffs, and had ousted them. The jury returned a verdict for the plaintiffs; and the defendant moved for a new trial, on the ground of a misdirection.

*N. Smith* and *W. W. Ellsworth,* in support of the motion, contended, 1. That in this State, the widow, *immediately* on the death of her husband, became vested with an absolute right of dower in the real estate of which her husband died seised. In *England,* she cannot enter, and has no estate in any particular portion of the land, until her dower is assigned to her. 1 *Cruise's Dig.* 159. But the law of *England* is founded on reasons, which can have no application here. Anciently, a widow was required to pay a fine to the lord before she could have her dower; and an assignment was deemed necessary as a means of enforcing payment. It was also deemed necessary, to preserve the feudal rights of the lord in other respects, that the whole estate should pass directly to the heir, and that she should take

*Hartford*,
June,
1825.

Stedman &
Gordon.
*v.*
Fortune.

her dower through him. But the rigour of the law on this subject was mitigated, by statutory provisions, first, that widows should not be obliged to pay a fine for the assignment of their dower ; and secondly, that they should be allowed to remain in the mansion house of their husbands for forty days after their death, which was called their *quarantine*. *Co. Litt.* 34. *b.* 2 *Inst.* 16. 2 *Bla. Comm.* 135. Besides, after assignment, she is considered as holding immediately from the death of her husband. 1 *Cruise's Dig.* 166. Our law, being adapted to our state of society and political condition, is, and always has been, more simple, and more direct in the attainment of its object ; vesting, immediately on the death of the husband, one third of the real estate, of which he died seised, in the widow for life, in common with the heirs. 1 *Swift's Syst.* 255. The particular piece or portion of land, which is to be the subject of dower, is to be afterwards " set out and ascertained ;" which converts a tenancy in common into an estate in severalty, but does not create or perfect the right. The widow is entitled to the rents and profits of a third part of her husband's real estate from his death, let her dower be set out when it may. And no alienation by the heirs, or levy of execution by their creditors, before it is set out, can, in the least, affect her right. *Crocker* v. *Fox*, 1 *Root*, 227. It would be inconvenient and absurd to make the widow a trespasser, by occupying the land, before her dower is set out, when it is admitted on all hands, that as soon as it is set out, her right extends, by relation, back to the death of her husband.

2. That the facts proved on the trial did not constitute an ouster, or authorize the jury to find one.

*T. S. Williams*, contra, contended, 1. That the defendant had no right, which could be a defence to this action. The right, which the widow of a deceased person has to his real estate, has been the subject of legislative provision from an early period of our government. In making this provision, the legislature used a term of the common law, which was then precisely settled and well known ; giving her a " right and interest *by way of dower*." *Stat.* 21. ed. 1672. The statute, as revised in 1821, uses phraseology substantially the same, but in a more concise form, *viz.* " shall have right of dower." *Stat.* 180. If she takes " a right by way of dower," or, what is the same thing, " a right of dower," she must take it subject to the well known incidents of dower. The rule of the common law re-

*Hartford,*
*June,*
*1825.*

Stedman &
Gordon
*v.*
Fortune.

quiring an *assignment* to perfect the right, is indisputable.— Nor is the reason of this requirement founded on feudal policy, or local : it is, as given by *Littleton,* a sensible reason, as applicable here as in *England ;* " because it does not appear before assignment what part of the lands or tenants she shall have for her dower. *Litt.* sect. 43. Her right is one resting in action only. She is not a tenant in common with the heirs. She can neither maintain ejectment, nor defend in that action, on the ground of her right, before assignment. These principles have been fully recognized in the adjoining states of *New-York* and *Massachusetts,* as principles of the common law, without a suspicion that there was any thing in them at variance with our institutions. *Jackson* d. *Clark* v. *O'Donaghy,* 7 *Johns. Rep.* 247. *Jackson* d. *Clowes* v. *Vanderheyden,* 17 *Johns. Rep.* 167. *Windham* v. *Portland,* 4 *Mass. Rep.* 388. *Sheafe* v. *O'Neil,* 9 *Mass. Rep.* 13.

The right of dower is one, peculiarly proper to settle in a court of probate ; and it ought not to be a subject of litigation in the common law courts. A judgment in this case, between the present parties, would not conclude the heirs before the court of probate.

2. That if the defendant had an estate in dower in the premises, and was a tenant in common with the plaintiffs claiming under the heir, still the facts shewn on the trial amounted to an actual ouster.

PETERS, J. By the common law, a widow is entitled to dower in all the land, whereof her husband was seised in fee-simple or fee-tail, at any time during the coverture, and of which any issue she might have had, might, by possibility, be heir ; but she had no right of entry until her dower was *assigned.* *Litt.* sect. 36. 53. 2 *Bla. Comm.* 134. 139. *Bac. Abr. tit.* Dower. B. The same principle has been adopted in *Massachusetts* and in *New-York.* *Windham* v. *Portland,* 4 *Mass. Rep.* 384. *Sheafe* v. *O'Neil,* 9 *Mass. Rep.* 13. *Jackson* d. *Clowes* v. *Vanderheyden,* 17 *Johns. Rep.* 167. But, by our statute, " every married woman living with her husband, at the time of his death, or absent from him by his consent, or by his default, or by inevitable accident, or in case of divorce when she is the innocent party, and no part of the estate of her husband was assigned to her for her support, shall have right of dower in one third part of the real estate of which her husband died possessed, in his own right, to be to her during her natural life."

Hartford,
June,
1825.

Stedman &
Gordon
v.
Fortune.

*Stat.* 180. tit. *Dower.* The practical and judicial construction of this statute, sanctioned by at least one decision of this Court, (*a*) has always been, that immediately upon the death of her husband, the widow has right to the possession of one third of the real estate, whereof he died possessed, in her own right, in common with his heirs, to whom she is in no sense a tenant as at common law; (*b*) and that her right of entry does not depend upon the assignment of dower, which is a mere severance of the common estate. As the charge of the judge was incorrect on this point, I give no opinion on the other, and advise a new trial.

HOSMER, Ch. J. and BRAINARD and BRISTOL, Js., were of the same opinion.

New trial to be granted.

(*a*) *Crocker* v. *Fox* & ux. 1 *Root* 323.  (*b*) *Calder* & ux. v. *Bull*, 2 *Root* 50. 2 *Bla. Comm.* 139.