## STERLING WOOSTER vs. HUNTS LYMAN IRON Co

The widow before assignment of dower is tenant in common with the heirs.

A continuance of possession of land under claim of right by one having no right, after demand of possession by a party having right, is an ouster of such party. But such possession by one having a right is not an ouster of a tenant in common, unless it is held against the demand of such tenant in common to be let into a joint possession.

Therefore where in ejectment the plaintiff claimed title under a deed from the administrator of the deceased owner, and the defendant claimed title under a deed from the widow of such owner, and the only evidence of ouster was a demand of possession by the plaintiff, and a refusal by the defendant who continued in exclusive possession under claim of right, it was held that the defendant was rightfully in possession under the deed from the widow as an owner, and had a right to retain possession, and no demand having been made by the plaintiff as a tenant in common to be let into a joint possession, there was not sufficient evidence of ouster to sustain the action.

Where also in such action it appeared that all the creditors of the deceased resided in the same county where the demanded premises were situated, and knew that they constituted the estate of the deceased, and no steps were taken, to procure administration until twenty years after the decease, during which time the premises had been openly bought and sold as free from incumbrance and the only authority for granting administration was a resolution of the General Assembly authorizing such grant, and the plaintiff was the assignee of the creditors whose claims were allowed against the estate, and took his deed from the administrator with full knowledge that other parties were in possession claiming exclusive title. Held, that the only effect of the resolution of the General Assembly was to legalize the grant of administration, that since the decease of the intestate rights had been acquired in the premises superior to the rights of the administrator, that whatever rights creditors might have had were lost by unreasonable delay, and that the plaintiff had no title against the defendant.

EJECTMENT, brought to the Superior Court, and tried on the general issue closed to the court (*Loomis, J.*) Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*Graves*, for the plaintiff, cited *Watkins* v. *Holman*, 16 Pet., 25, 61, 62, 63; *Bank of Hamilton* v. *Dudley's Lessee*, 2 id., 492, 523; *Wilkinson* v. *Leland*, id., 627; *Brush* v. *Ware*, 15 id., 93; *Yates* v. *Paddock*, 10 Wend., 528; *Oothout* v. *Ledings*, 15 id., 410; *Felfair* v. *Stead's Ex'r*, 2 Cranch, 407;

4 Kent Com., 429; *Griswold* v. *Bigelow*, 6 Conn., 264; *Sumner* v. *Child*, 2 id., 626.

*Warner* and *Dean*, for the defendant.

SEYMOUR, J.    Action of ejectment.    The plaintiff claims title to the demanded premises by deed from Henry S. Wooster, as administrator of the insolvent estate of Frederick Roberts, formerly, of Goshen, Connecticut, deceased.    The deed is in due form of law, and bears date March 22d, 1869. Roberts died in 1845, leaving a widow and children, and was the owner of the premises at the time of his death.    Immediately upon his death his widow and children took exclusive possession of the property, claiming it as their own, and retained such possession as heirs and widow of the deceased till March 30th, 1857.    They then sold and conveyed their interest in the premises to bonâ fide purchasers for valuable consideration, by whom possession was taken and retained; and the defendant as such purchaser by mesne conveyance is now in possession.    The widow is still living.    After the plaintiff had received his deed, and before the commencement of this suit, he informed the president of the defendant corporation of the fact that he had such deed, and demanded the possession of the premises.    The company after the demand continued in exclusive possession under claim of right as before.

The first question which arises on these facts is whether, admitting the plaintiff's title to be all that he claims it to be, the defendant has been guilty of a disseizin.    The administrator's deed does not convey the widow's dower to the plaintiff.    The deed is in terms subject to her right of dower, and is necessarily so subject whether expressed in terms or not. In Connecticut the widow is tenant in common with the heirs before assignment to her of her dower.    The defendant was then in possession under the widow's title, and was tenant in common with the plaintiff, conceding for the present that the administrator's deed conveyed to the plaintiff the title of

Robert's heirs. The law in England and in most of the states of the Union differs from ours in respect to dower. With us it has long been settled that the widow's thirds vest in her in common with the heirs before assignment. 2 Root, 50 ; *Stedman* v. *Fortune*, 5 Conn., 462: The defendant then was rightfully in possession under the deed from the widow as an owner, and had a right to retain possession. The demand made by the plaintiff was of "the possession of the premises," and was not a demand to be let in to a joint possession with the defendant. No reply to this demand appears to have been made. The defendant however continued in the exclusive possession under claim of right as before. Such possession by one having *no* right is an ouster of a party having right, but such possession by one having a right is not an ouster of a tenant in common, unless it is held against the demand of such tenant in common to be let in to a joint possession. No such demand was made by the plaintiff. No intimation was given that the plaintiff claimed a joint right of possession with the defendant. Judge Storrs says, 24 Conn., 235, "We fully concur with the authorities which determine that, from the peculiar and intimate connection existing between tenants in common of real estate, the proof of an ouster by one of another of them ought to be of the most satisfactory nature." This being the true rule, we cannot say that in the case now under consideration there is sufficient evidence of ouster to sustain the action.

But in addition to the facts hereinbefore stated, it appears that the creditors of the deceased resided in the same county where the premises are situated, and knew that they constituted the estate of the deceased ; administration was not taken out, nor did the creditors request administration, until April 17th, 1866. The only authority for granting administration was by virtue of a resolution of the General Assembly at its May session, 1865, as follows: "Resolved by this Assembly, that the court of probate for the district of Norfolk be and is hereby authorized to grant letters of administration on the estate of Frederick Roberts, formerly a resident of Goshen,

who died in one of the southern states, leaving lands situate in said town of Norfolk, or an interest therein."

The statute now in existence, first passed in 1821, limits the time for granting administration to seven years from the death, subject to certain savings, none of which are claimed to exist in this case. The right to sell the lands of a deceased for the payment of his debts is purely a statute right, not recognized by the common law. In cases where administration is duly granted, there is no limitation by statute of a time within which the right must be asserted and exercised, and yet in such a case, Chief Justice HOSMER says in giving the opinion of the court in *Griswold* v. *Bigelow*, 6 Conn., 265, " a perpetual lien upon the lands of the deceased for the benefit of creditors would be a public inconvenience, and ought not to be sanctioned. Still it ought to continue a reasonable time, and not be defeated except by the neglect and laches of the creditors, and hence gross neglect or unreasonable delay should be held a waiver or extinguishment of it in all cases, and more particularly where the property has been disposed of for a valuable consideration." In Massachusetts no time is limited by statute within which the administrator shall apply for liberty to sell land to pay debts of the deceased, but the courts of that state refuse to grant such liberty after the lapse of a very few years. 3 Mass., 542; 13 id., 162; 15 id., 58.

Now the only mode by which the creditors of Roberts deceased could procure the application of his real estate to the payment of these debts, was by means of an administration; and such administration the law places within their power for the full period of seven years from his death. The defendant claims that if they neglect to resort to this mode of enforcing their quasi lien on the real estate for the period of seven years, and if they suffer that period of limitation to expire, they are bound by the statute, and that after the expiration of these seven years the heirs might rightfully sell, as they have sold, their interest in the property, and that the defendant, as a bonâ fide purchaser for value, ought to be protected against the assertion by the creditors of their supposed rights, after so unreasonable a delay. The argument is that

the statute bar to the administration is a statute bar to the means whereby alone the creditors can resort to the real estate, and the defendant claims that the rights of the creditors being thus bound cannot be revived by special legislation, and especially by that special legislation which has been had in this case. This claim opens a wide field of discussion in regard to legislative power over vested rights, and in regard to the proper construction to be given to the resolution of the General Assembly on which the plaintiff relies. Similar resolutions have been very common in Connecticut. In looking back upon the legislative records, it appears that nine such extensions of the seven years' limitation were made in 1870, and several such appear in the records of every year. It is probable that titles of property to considerable amount depend upon the validity of these resolutions. We regard such special legislation as open to serious objections. But we can decide this case without coming into any conflict with the powers of the legislature.

It appears that all the creditors of Mr. Roberts resided in Litchfield county, and knew that the real estate demanded was part of his estate. They have suffered not merely the seven years allowed by the statute to pass by, but thirteen years more in addition to the seven, before they took any steps to assert their rights over this property. During this time the premises have been openly bought and sold as free from incumbrance. The right of the creditors is a species of lien, and it is familiar law that liens may be lost by neglect to enforce them. In the case of *Ricard* v. *Williams*, 7 Wheat., 115, 119, the same question now under discussion arose in the Supreme Court of the United States, in relation to estate situate in Connecticut. This however was before the statute of 1821 limiting the time for taking out letters of administration, and before there was any statute on the subject. Judge STORY in giving the opinion of the court says, " The question recurs whether a power of sale thus derived under the law, and not by act of the party, is to be continued as a perpetual lien on the land of which the intestate died seized, and capable of being called into life at any distance of time,

and under any circumstances, whatever may be the mesne conveyances, disseizin or descents which may have taken place. If it be of such a nature great public mischief must inevitably occur, and many innocent purchasers, fortified as their possession may be by length of time against all interests in the land, may yet be the victims of a secret lien or power which could not be foreseen or guarded against. A power to sell the estate for payment of debts, being created by the law, ought not to be construed to work mischief against the intent of the law. It ought to be exercised within a reasonable time after the death of the intestate, and gross neglect or delay on the part of the creditors for an unreasonable time ought to be held to be a waiver and extinguishment of it." Then after discussing the question whether the statute of limitations expressly applies to the case, and coming to the conclusion that it does not, Judge STORY adds, "But we do think it is a case clearly within the same equity as those which are governed by the statute of limitations, and that by analogy to the cases where a limitation has been applied to other rights and equities not within the statute, the reasonable time within which the power should be exercised ought to be limited to *the same period which regulates rights of entry.*"

In the case of *Ricard* v. *Williams*, twenty-eight years intervened between the death of the deceased and the taking out of letters of administration on his estate. In the case at bar somewhat over twenty years intervened. If we give the fullest effect to the resolution of the General Assembly of 1865, that resolution does no more than make the taking out letters of administration a lawful act, and in the case of *Ricard* v. *Williams* there was no statute of limitations in existence restraining the power of the court of probate, and the administration in that case was taken to be lawful.

On the authority then of the case of *Ricard* v. *Williams*, as well as from our sense of right and justice, we decide that the plaintiff has no title against the defendant. In so deciding, we concede for the purposes of this case the full validity of the resolution of 1865, and merely say that since the death of Mr. Roberts rights have been acquired in the real estate

which are superior to the rights of the administrator, and that, whatever rights creditors may once have had in the property, those rights are lost by unreasonable delay. If it be said that the purchaser, under a sale by order of a court of probate regular on its face, ought to be protected, we reply that the purchaser took his deed with full knowledge that other parties were in possession claiming exclusive title, and that is sufficient to put the purchaser upon an inquiry. And in this case it so happens that the purchaser is himself the assignee of the creditors whose debts were allowed against the estate, and of course he had full knowledge or means of knowledge of all the matters affecting the title.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.