Rausch v. Moore.

REVERSED.

---

RAUSCH v. MOORE.

1. **Verification:** ATTORNEY. In an action aided by attachment the affidavit of the attorney to the effect that the facts set out in the petition are better known to him than to the plaintiff, and that he knows them to be true, constitutes a sufficient verification.

2. **Attachment:** DISCHARGE OF: PRACTICE. It is competent to move to discharge an attachment upon real estate where the question of ownership is in issue, when the facts upon which the motion is based are conceded.

3. ──────: DOWER: NOT SUBJECT TO ATTACHMENT. The unassigned dower interest of a widow in the real estate of her deceased husband is not subject to attachment in an action at law. SEEVERS, J., *dissenting*.

*Appeal from Tama Circuit Court.*

TUESDAY, JUNE 11.

THIS is an action upon a judgment of the Circuit Court of La Salle county, Illinois. It is averred in the petition that the defendant is a non-resident of the State of Iowa. An attachment was issued, the return to which shows that it was levied upon the undivided interest of Maria A. Moore (defendant) in certain real estate.

The defendant appeared to the action and moved to discharge the attachment, upon the following grounds:

1. For want of a sufficient verification to the petition.

2. The only right the defendant had to the real estate, when the attachment was levied thereon, was the right to have dower assigned to her therein as the widow of one William Moore.

In support of the second ground of the motion an affidavit was filed showing that in January, 1864, William Moore, who was seized in fee of said lands, died intestate, leaving surviving heirs—his widow, Maria A. Moore, defendant herein, and two children; that the only right defendant had in said lands, was the right to demand and have dower assigned, and that she had never in any manner asserted her right thereto, nor demanded that her dower should be assigned to her.

The said affidavit was not controverted. The motion was sustained by the court, and the attached property was discharged. Plaintiff appeals.

*D. D. Applegate* and *L. G. Kinne*, for appellant.

*Struble & Goodrich*, for appellee.

ROTHROCK, CH. J.—I. The verification to the petition is in these words:

"I, G. S. Eldridge, being duly sworn, on oath say that I am the agent of the plaintiff in the foregoing petition for the

1. VERIFICA-TION: attorney.

collection of the debt declared on in the above petition; that I have read the foregoing petition and know the contents thereof; that, as attorney for the late William Rausch, I obtained the judgment herein declared on, and am more conversant with the facts alleged in said petition than is plaintiff himself, and the facts therein stated are true as I believe.

"And I further depose and say, that the facts alleged as grounds for the issuance of a writ of attachment are known to me, and said allegations are true."

Section 2673 of the Code provides "that if the statements of a pleading are known to any person other than the party, such person may make the affidavit, which shall contain averments showing affiant competent to make the same." Measured by the requirements of this section, we think the foregoing affidavit was sufficient. As to the facts set forth as the ground for the attachment, there can be no question.

Rausch v. Moore.

The affidavit sets forth that these facts are known to affiant, and that they are true. No further showing of competency is required than a personal knowledge of the facts as to the existence of the judgment, and the fact that it is unpaid. We think a showing that affiant was the attorney who obtained it, and is now the agent for its collection, and that he is more conversant with the facts than plaintiff, who is an executor, is a sufficient showing of competency, and fully as satisfactory as if made by the plaintiff.

II. It is urged by counsel for appellant that it was not competent for the court to entertain the second ground of the motion to discharge the attachment.

2. ATTACH-
MENT : dis-
charge of:
practice.

The argument is that the statute does not contemplate a summary trial of the title or ownership of real estate on motion and affidavits in a suit by attachment.

Section 3018 of the Code provides that "a motion may be made to discharge the attachment or any part thereof, at any time before trial, for insufficiency of statement of cause thereof, or for other cause making it apparent of record that the attachment should not have issued, or should not have been levied on all or some part of the property held."

The last clause of this section is very general in its terms, and, we think, embraces all questions as to the right to levy upon the property, which may properly be determined by motion.

If the title to real estate be a matter of dispute between the parties upon the facts, it could not properly be determined upon a motion, supported and controverted by affidavits.

If the statements of fact contained in the motion be denied, the defendant would have to proceed in a more formal manner to try the right to hold the property on the writ. But when, as in the case at bar, the motion is not denied, and the simple question to be determined is whether the land is liable to the attachment, we see no objection to disposing of

it upon the motion in a summary manner. No prejudice can result from such a proceeding.

Lastly, it is claimed that the unassigned dower interest of

3. ———: the defendant in the land in question was sub-
dower: not ject to the attachment. This is the principal
subject to
attachment. question in the case.

The court below held that it was not liable to be seized under the writ. Where the common law dower of a life estate is in force, the great weight of authority is that, until it is assigned or set apart to the dowress, it is not liable to attachment on execution, in a suit at law by a creditor of the widow. Counsel for appellant concedes that this rule is supported by a majority of the cases. We need not take the space to make citations. The rule, upon examination, will be found to be nearly uniform in the courts of England and this country.

It is insisted however, that in the case at bar the defendant, as widow, is entitled to one-third in fee simple of the land in controversy; that the descent was cast at the death of the husband, and that she is a joint tenant with the children of her husband, and for these reasons the rule applicable to common law dower should not apply.

The defendant's husband died in 1864, seized of the land. The dower right was fixed by section 1, chapter 151, Laws of 1862, which provides that "one-third in value of all the real estate, in which the husband at any time during the marriage had a legal or equitable interest, * * * * * * shall, under the direction of the court, be set apart * * * * * as her property in fee simple. * * * * * *"

We have held that this statute did not abolish or take away the estate of dower, but that it merely enlarged it from an estate for life to a fee simple. *Moore v. Kent*, 37 Iowa, 20; *Kendall v. Kendall*, 42 Id., 464.

If, then, the fee simple estate given by the statute is merely the common law dower estate enlarged, we can see no reason why it should be subject to execution or attachment in a suit

at law, before assignment, in the one case, and not in the other. All the incidents of dower attach to the fee simple estate, the same as to the life estate, the only difference being duration.

It must be remembered that the statute above cited did not abolish the estate of dower, but, on the contrary, expressly recognized it by providing that "all the provisions hereinbefore made in relation to the widow shall be applicable to the husband of a deceased wife. Each is entitled to the same right of dower in the estate of the other.    *    *    *"

Whether the provision which the Code makes for a widow out of the lands of her deceased husband creates an estate liable to be seized upon attachment in a suit at law we do not determine, as the question is not presented. It may not be improper to observe, however, that although by section 2440 of the Code the estate of dower is abolished, and in section 2441 the estate given to the widow is designated as "the distributive share of the widow," yet under the Code, as well as under the act of 1862, it is a materially different estate from that derived by descent.

The estate of an heir is an undivided interest in each and every tract of land owned by the ancestor at the time of his death. Subject to the debts of the ancestor, it may be levied upon by execution or attachment, and sold as the property of the heir.

The estate of the widow embraces one-third in value of all the real property owned by the husband at any time during the marriage which has not been sold on execution or other judicial sale, and to which she has made no relinquishment of her right. It cannot be defeated by will. It is not liable for the debts of the husband. It must be so set off as to include the ordinary dwelling-house, unless she prefers a different arrangement. It may all be assigned and set off in one or more tracts.

It is, therefore, obvious that the levy of an execution or attachment upon the lands of which the husband died seized,

may or may not be a levy upon that part which may be set off to the widow as her share.

We do not determine what, if any, remedy the creditor of a widow may have as against her unassigned dower. The question is not presented in this record. We only determine that the settled rule that dower unassigned is not liable to execution or attachment in a suit at law was not changed by the statute of 1862 above cited.

AFFIRMED.

SEEVERS, J., *dissenting.*—As I understand, a widow at common law cannot before assignment convey her dower to a stranger by any of the ordinary modes of conveying freehold estates, so as to vest the legal interest in her grantee. *Tompkins v. Fonda,* 4 Paige's Ch., 448. A widow's dower before assignment is a mere right in action and nothing more. *Rayner v. Lee,* 20 Mich., 384. She cannot maintain ejectment before assignment. *Shields v. Batts,* 5 J. J. Marsh., 12. It may be released, but the widow cannot invest another with the right of action. *Cox v. Jagger,* 2 Cow., 638. She had no right of entry until her dower was assigned. *Stedman v. Fortune,* 5 Conn., 464, citing Litt., §§ 36, 53; 2 Black. Com., 134, 139; Bac. Abr., title "Dower B."

The widow was entitled to possession during her quarantine, a period of forty days after her husband's death, and the dower, being unassigned, could not be set up against one holding the fee after the expiration of the quarantine. *Cavender v. Smith,* 8 Iowa, 360. The right of the widow to sell her dower before it has been assigned has been usually, if not universally, recognized in equity, and such interest set apart to her grantee or assignee. *Huston v. Seely,* 27 Iowa, 183, and authorities there cited.

· If she is in possession and entitled to an immediate assignment, and has received the whole income of the premises, either as guardian of the heir at law, or otherwise, she, upon taking an account thereof, will be entitled to retain her third,

although her dower has not been assigned. She has no right, therefore, in conscience or in equity to deprive her creditors of the benefit of her right of dower, for the satisfaction of their debts, by continuing in possession with the heirs and neglecting to ask for an assignment. *Tompkins v. Fonda,* before cited.

It will be readily seen that the widow's right under the statute is very different from what it was at common law. There is no substantial difference between the law of 1862 and the Code, and it was said by BECK, J., in *Mock v. Watson,* 41 Iowa, 241, that the rules and principles found in the books applicable to the estate of dower are inapplicable here. Such is the rule in Indiana, where there is a similar statute. *Gaylord v Dodge,* 31 Ind., 41.

In 1864 the defendant, under the statute, became entitled to an estate in fee simple, which at once on the death of her husband became a vested interest. It was unnecessary for the full and complete protection of that interest that it should be assigned or set apart. She and the heirs of her husband, from the moment of his death, became tenants in common, and partition could be had by either. She could sell and convey her interest to a stranger, although no assignment had been made, and her grantee would become entitled to all her rights. If no partition was had she would be entitled to her share of the rents and profits, whether in possession or not.

Being invested with such an estate as this, the defendant contracted debts, for aught that appears for her support, to enable her to live, and it may well be assumed credit was extended to her on the faith of said estate.

Why drive the creditor into equity? The estate is legal—there is nothing of an equitable nature pertaining thereto. The Code provides that any property of the defendant not exempt from execution may be attached (section 2949), and the same is true as to executions. From the time of the levy of either a lien is created. The statute further provides that

judgments of courts of record are liens on the real estate of the defendant in the county where the judgment is rendered. Code, §§ 2882, 2883.

There is, then, according to the opinion of the majority, a fee simple or legal estate which cannot be attached or levied on under an execution against the owner, and on which a judgment against such owner is not a lien. To my mind the mere statement of such a proposition is the strongest possible argument against it.

In Connecticut it is held that the statute gives the widow the right of possession, and that her right of entry does not depend upon an assignment, and that she and the heirs are tenants in common, and that the · unassigned dower of a widow can be taken on execution for her debts. *Stedman v. Fortune,* before cited, and *Wooster v. Lyman Iron Company,* 38 Conn., 256; *Greathead's Appeal,* 42 Id., 374. These decisions are based on the construction given the statute as to the right of entry and possession before assignment, and are the logical results of such ruling. These decisions, it seems to me, are clearly applicable to our statute.

It having been held that the right of the widow, whether called dower or distributive share, vests in her free from the debts of her husband, her rights are amply protected, and when she succeeds to the estate it should be held liable for her debts.

The fact that she may have her right assigned from the aggregate of the lands and not in each particular tract can make no difference, because the creditor only gets, in the tract attached or levied on and sold, whatever right the widow had therein. If she had none he gets nothing. If she had an interest, and her right is afterward set apart, it will prove an easy matter to adjust her interest. Her rights of homestead, of course, cannot be affected by any levy or attachment. But it is useless to discuss these matters, as the record fails to disclose that the husband died seized of any other lands than

those attached, and it sufficiently appears the defendant is, and ever since the death of her husband has been, a resident of another State, and, therefore, is not entitled to a homestead right in the lands in question. For these reasons I am unable to assent to the foregoing opinion.