## MARIE E. IVES HUMPHREY ET AL. *vs.* GEORGE L. GERARD ET ALS.

Third Judicial District, New Haven, January Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

In an action to settle the title to real estate, which was reserved, upon a finding of facts, for the advice of this court, one of the questions was whether a decedent at his death in 1884 was the owner of an undivided one-fourth part of the land, and if so, whether such interest passed to his two sons "subject to the dower rights of their mother." Having answered each portion of this inquiry in the affirmative, as well as the other questions propounded, the case was remanded for the rendition of a decree in conformity to the opinion. The judgment as rendered by the trial court purported to define the separate interests of each of the two sons, and to award to their mother a life use of one third of the particular undivided one eighth of which one of the sons was adjudged to be the owner in fee. *Held* that inasmuch as the trial court had not been asked to adjudge whether the widow had a dower interest in the property, or the extent of such interest, if any, and no advice had been given by this court on that subject, the judgment thus rendered went too far in assuming facts not found and in attempting to establish the widow's general, unassigned dower interest, as a permanent estate in specific realty.

While dower is, indeed, a life use, and attaches primarily to all the real estate of which the husband died seized in his own right, it is liable to be terminated as to any particular tract by an assignment of dower by the Court of Probate, and therefore, until such assignment, differs materially from a fixed and permanent life estate in a definite, specific piece of property.

The Superior Court, in an action to quiet and settle the title to real estate, cannot assign dower, nor can it limit or apply the right to any specific real estate.

This court may but is not bound to disregard reasons of appeal which are not assigned with the precision prescribed by the statute, § 802.

Argued January 20th—decided March 8th, 1911.

APPEAL from a judgment of the Superior Court in New Haven County, *Reed, J.*, upon the alleged ground that it did not comply with the advice of this court

pursuant to which it purported to have been rendered. *Error and judgment set aside.*

*William B. Stoddard* and *Charles S. Hamilton*, for the appellant (defendant George L. Gerard).

*Harrison T. Sheldon*, with whom was *George D. Watrous*, for the appellee (defendant Frankie S. Garfield Emmons).

PRENTICE, J.   The judgment from which this appeal was taken was rendered upon the facts reserved for our advice as reported in 83 Conn. 346, 77 Atl. 65, and in attempted compliance with our direction to render judgment in conformity to our advice then given in response to questions framed by counsel and presented in the reservation as required by the rules of this court. Practice Book, 1908, p. 286, §§ 70 and 71.   Among the several questions thus presented was one designated "f," in which we were asked to advise whether John H. Garfield, who died in 1884, was at the time of his death the owner of an undivided one-fourth part of No. 780 Chapel Street, New Haven, subject to a life use which at the time of the commencement of the action had terminated, and, further, whether upon his death and that of a daughter, who died in 1892 unmarried and intestate, his interest, if any, vested in his two sons Umberto and James, his only other children, subject to the dower rights of their mother, the widow of the deceased John H., and now known as Frankie S. Garfield Emmons.

Our advice was distinctly limited in its scope to the question propounded.   That question divided itself into two independent inquiries.   In direct response to the first, we advised that an undivided one-fourth part of the property, subject to the life estate, was vested in

John H. Garfield at the time of his death. The second related in terms to a past time. Our advice dealt with the present, and took into account the effect of certain conveyances, which had been made during the period which had intervened between John H. Garfield's death and the commencement of the action. Barring this change from the past to the present tense and the qualifications necessarily resulting, the advice followed the language of the question, and did not go outside of its limits. It was that the undivided one-fourth interest which was vested in John H. Garfield at the time of his death was at the then present time vested in his two sons Umberto and James, "subject to the dower rights of their mother," save as their title was affected by the conveyances referred to.

The lower court had not been asked to adjudge whether the widow had a dower interest in the property, or the extent of such interest, if any; the facts necessary for a determination of that question were not presented in the reservation; no advice from us was sought upon that subject, and we purported to give none. The question recognized, and our answer recognized, the possibility that she might have dower rights, either assigned or unassigned, in the property, as realty left by her husband. But we did not undertake to say that she had, or to define the extent of them, if she had them. All that we said was that the fee title in the sons or their grantees was subject to such rights as she might have as dowress.

In the judgment entered by the lower court upon the return of the cause are two paragraphs embodying adjudications of title which are attempted adaptations of our advice given in response to question "f" as above stated to the situation created by the conveyances. That situation as we defined it was that the widow, Mrs. Emmons, had become substituted for James in

respect to all the right, title and interest in the property which he acquired through the death of his father, and the defendant Gerard in like manner substituted for the other son, Umberto, in respect to his right, title and interest thus acquired.

The adjudications contained in the two paragraphs referred to are: "(f) That said Frankie S. Garfield Emmons at the commencement of this action was the owner in fee simple of an undivided one-eighth part of said land described in the complaint and the buildings thereon, and in addition thereto had the life use of one third of another undivided one-eighth part of said land and the buildings thereon, the latter being a portion of her dower interest therein. (g) That the deed from the defendant Umberto Dante Garfield to the defendant George L. Gerard is a good and valid deed, and that the defendant George L. Gerard is the owner in fee simple of an undivided one-eighth of said land and the buildings subject to the life use of the defendant Frankie S. Garfield Emmons in an undivided one third of said one eighth, being the aforesaid dower right of said Frankie S. Garfield Emmons."

The conclusion that Mrs. Emmons was the owner in fee of an undivided one eighth, being one half of her husband's one quarter, was doubtless arrived at upon the theory that the merger of the title of the son James with that of his mother gave her an absolute title to the one eighth. In reaching this conclusion it would be of no moment whether or not Mrs. Emmons had dower rights in the property. It is the adjudication as to the remaining one eighth which presents the substantial question at issue.

It is manifest that this adjudication goes further than did the advice which it purported to follow. The advice, reading together that part already quoted and other parts which advised that Mrs. Emmons had become

the owner of James' share through a conveyance from him, and the defendant Gerard of the share of the other son, Umberto, through a conveyance from the latter, designated Mrs. Emmons and Gerard as the persons who between them had succeeded to the ownership of the undivided one fourth of which John H. Garfield died possessed. There was no attempt to define the separate interests of each of these two owners. The judgment attempts such a definition by definitely setting out the precise limits of their rights. This could only be done by an attempted adaptation of the advice to facts or assumed facts which it did not directly touch. In the present case the attempt at adaptation was made to facts which must have been assumed to exist, as the court had before it no information thereon. Its only information was that incorporated in the agreed finding prepared for the reservation. As the questions presented in the reservation did not call for more detailed advice upon the subject of the present ownership of the undivided one fourth, which had been owned by John H. Garfield, than whether or not his interest became vested in his two sons, in equal parts, subject to the dower rights of the widow, it could scarcely be assumed fairly that this agreed finding embodied all the facts which might have pertinence to a broader inquiry. This is well illustrated by the absence from the finding of the fact, important as affecting the question of dower, of the date of the marriage of John H. Garfield to his surviving widow. It quite likely occurred prior to April 20th, 1877; but it does not so appear. The finding is also silent as to any assignment of dower to the widow. It may be that this silence resulted from the fact that there had been none, and that as a consequence her right in No. 780 Chapel Street, aside from that acquired from James, was such and such only as she might have as dowress with dower unassigned. But the

court was not justified in so assuming, as it evidently must have done.

Even if the fact was that the widow, being entitled to dower by reason of the date of her marriage, had never had her dower specifically set out, the judgment went too far, in that it adjudged in Mrs. Emmons a life use of the one third instead of a right of dower therein. The distinction is an important one. The language of the judgment defined and established her interest in the particular undivided one eighth, of which Gerard was adjudged the fee owner, as a life use. This imports a fixed and permanent life estate in that particular one eighth. A dowress, before her dower has been assigned, does not have such an estate in each tract of which her husband died possessed. Her dower is, indeed, a life use, and it attaches primarily to all the real estate of which her husband was at his death possessed in his own right. But it is subject to the condition of being terminated as to any particular property by the dowress' use being attached to other property through an assignment of it by the Court of Probate. The limit of the power of the Superior Court was to declare the right of the widow to dower, and thus determine her title as dowress. It could neither make an assignment of her dower, nor declare her general unassigned dower interest a permanent estate in any specific real estate. General Statutes, §§ 386, 387; *Stedman* v. *Fortune*, 5 Conn. 462, 465; *Way* v. *Way*, 42 id. 52, 53; *Hewitt's Appeal*, 53 id. 24, 36, 1 Atl. 815.

The appellant complains of the action of the court as an attempt to assign dower, which confessedly it was powerless to do. It is evident that the court made no such attempt, whatever may be regarded as the legal effect of what was done, and that what it undertook to do was to declare the widow's right to dower in this one-eighth interest. Unfortunately the language chosen

to make this declaration in connection with the adaptation of our advice to the conditions assumed to have been presented was inapt and inaccurate, and such as carried the court beyond the limits of its power, of the facts before it, and of our advice.

Our discussion suggests that the reasons of appeal may not in strictness point out, as required, the error or errors involved in the court's action. This is doubtless true in part at least, but we do not for that reason feel justified, under the circumstances of the case, in asserting the right which the statute gives us to disregard errors not sufficiently assigned. General Statutes, § 802.

There is error, the judgment is set aside and the cause remanded for the rendition of judgment in conformity with the advice of this court upon the reservation.

In this opinion the other judges concurred.