MARIE E. IVES HUMPHREY ET AL. *vs.* GEORGE L.
GERARD ET ALS.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH
WHEELER, Js.

A widow entitled to dower has an estate which, without any assignment
or setting out, vests in her immediately upon her husband's de-
cease, and constitutes her a tenant in common, to the extent of
her dower interest, with those who succeed to the ownership of the
real estate of which the husband died possessed.
In an action to settle and quiet title to real estate, a receiver was ap-
pointed to collect the income pending a final determination of
the questions of title, and it also appeared that one of the parties
was entitled to dower in an undivided interest in such real estate,
although dower had not been assigned or set out to her. *Held*
that the Superior Court in its final judgment properly distributed
to her one third of the net income derived from that interest in the
real estate of which her husband died possessed.
Such a distribution of income to her was not beyond the power of the
Superior Court as being an assignment or setting out of dower.
It involved merely an ascertainment of the character and extent
of her interest as tenant in common in the land in question during
the period when the income was earned.
To get at the pertinent facts involved in the distribution of the income,
the trial court required the parties to file statements of claim as
in an interpleader. *Held* that the method adopted was one to
which the court could resort in the proper exercise of its discretion.

Argued April 12th—decided May 16th, 1912.

APPEAL by the defendant George L. Gerard (during
the pendency of an action to quiet and settle title to
real estate) from a supplemental judgment rendered
by *Curtis, J.*, in the Superior Court in New Haven
County, awarding to the defendant Frankie S. Gar-
field Emmons certain rents, collected by a receiver
appointed for that purpose and amounting to $270.85,
after said defendants had interpleaded, upon the order
of *Burpee, J.*, as to their ownership thereof. *No error.*

*Charles S. Hamilton* and *Robert C. Stoddard,* for the appellant (defendant George L. Gerard).

*Harrison T. Sheldon,* for the appellee (defendant Frankie S. Garfield Emmons).

PRENTICE, J.  This litigation has been before us in some of its aspects upon several former occasions, the last as reported in 84 Conn. 216, 79 Atl. 57.  The action was brought to quiet and settle the title to certain real estate.  Pending it the court appointed a receiver to collect the income from the property.  All the issues involving the title have been finally determined.  The present appeal grows out of the order of the court, contained in the final judgment, which divides and distributes the net income in the hands of the receiver.  There is no dispute as to the disposition made of seven eighths of this amount, or as to that of two thirds of the remaining one eighth.  The sole contention arises from the claim of Frankie S. Garfield Emmons, as the widow of James H. Garfield, to one third of one eighth, while the defendant Gerard claims that he is entitled to this portion as the adjudged fee owner during the period of litigation, through a deed from one of the two children of James H. Garfield, of the one-eighth interest in the property in which interest Mrs. Emmons claims her disputed dower right.  There is no question as to Gerard's full title to the one undivided one-eighth property interest about which the controversy centers, or to the correctness of his claim to the entire income appropriate to that one eighth, except such as arises from the widow's claim of dower.  The controversy thus becomes resolved into one as to the validity of the latter claim.

Upon this question there is left no room for doubt upon the facts found.  It is found that all the conditions

existed which were necessary to entitle Mrs. Emmons, upon the decease of her husband, to dower in all the real estate in this State of which he died possessed, and that her dower has never been assigned or set out pursuant to our statute. Under the well-established principles of our law she was, therefore, during the period when the income in question was collected, a tenant in common, to the extent of her dower interest, with the heirs of her husband, their grantees and the other owners of the property, and as such entitled to possession and to her proper share of its income in like manner as her cotenants. *Calder* v. *Bull*, 2 Root, 50, 52; *Stedman* v. *Fortune*, 5 Conn. 462, 465; *Wooster* v. *Hunts Lyman Iron Co.*, 38 Conn. 256, 257; 1 Swift's Digest, s. p. 85. The court so held, and correctly awarded to her such share and no more.

The appellant's objections to the action of the court appear to rest upon the theory that the award to Mrs. Emmons involved an assignment of dower to her —a proceeding which is not within the province of the Superior Court. Such was by no means the case. The court had funds in its hands for distribution to those rightfully entitled to them. It was competent for it to inquire who these persons were, and the share belonging to each of them. That inquiry necessarily involved one as to the owners of the property which had produced the income, during the period of its production, and their several interests in it. Such inquiry the court made, as a preliminary to its distribution of the funds, and it did nothing more touching the title to the property. In so doing it was simply seeking to learn the state of the title as it was during the operations of the receiver, as furnishing the necessary basis for its order of distribution. It neither undertook to create a new interest, nor to change or make permanent an existing one. The contention that it either directly

attempted to do, or in effect did, what we said in our former opinion (84 Conn. 216, 221, 79 Atl. 57) the Superior Court is incompetent to do, to wit: to assign dower, and that the advice of this court in that case was ignored in the present proceeding, is wholly without foundation. Equally so is the claim that the court could not ascertain the amount to be paid to Mrs. Emmons until her dower had been assigned.

Mrs. Emmons, as a widow entitled to dower immediately upon her husband's death, became endowed, for her life, with one-third part of all the real estate of which her husband died possessed. We have already had occasion to observe that, under our law, she, as such dowress, became a tenant in common with the other heirs of her husband in all of his real estate. This estate vested in her immediately. It did not await upon an assignment or setting out. It was complete and perfect from the moment of the husband's death, and would remain unchanged except as an assignment or her own act might operate to do so. 1 Swift's Digest, s. p. 85; *Stedman* v. *Fortune,* 5 Conn. 462; *Wooster* v. *Hunts Lyman Iron Co.,* 38 Conn. 256, 258; *Greathead's Appeal,* 42 Conn. 374, 375; *Humphrey* v. *Gerard,* 84 Conn. 216, 221, 79 Atl. 57. When, therefore, the court ascertained that Mrs. Emmons had the estate of a dowress with dower unassigned, it had all the information requisite to establish her right to share in the income of the property of which she was a tenant in common, and it was not necessary to create in her any new right or estate, or to give to her any new status whatsoever.

Complaint is made of the procedure adopted by the court for the determination of the rights of the parties in respect to the distribution, in that they were ordered to file statements of claim as in an interpleader. There can be no legal objection to the course pursued, if the court deemed it wise to direct it. It was entitled

to get at the pertinent facts, and the method adopted was one to which it could resort in the proper exercise of its discretion. No hard and fast rule prescribed any precise mode of procedure, or forbade the one chosen.

There is no error.

In this opinion the other judges concurred.