# The Standard Company *vs.* Mary Young et al.

First Judicial District, Hartford, January Term, 1916.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

In this State a widow, before assignment of her dower, is a tenant in common with the heirs at law of all the real estate of which her husband died seized; and as such cotenant she may not only enter upon and possess the premises, but her possession, if exclusive and adverse for fifteen years or more, will ripen into a fee and deprive the heirs at law of their interest in the property. A grantee of the widow stands in her shoes and may acquire by adverse possession the same title that she might have acquired had she not parted with her interest in the property.

Whether one's possession has been exclusive and adverse for fifteen years or more, is a question of fact for the determination of the trier.

This court must assume that a fact, complained of by the appellant, was properly found, in the absence of any attempt to bring up the evidence for the purpose of correcting the finding.

Where the only contested question of fact in an action to quiet and settle the title to real estate under General Statutes, § 4053, is whether the defendants had been ousted or not, as in the present case, either party is entitled upon proper request to have such issue tried to the jury. And under such circumstances the omission of the party requesting a jury trial to specify the issues which he desires to have so tried, as required by chapter 56, § 3, of the Public Acts of 1905, would not, *it seems*, have justified the trial court in the exercise of its judicial discretion, had it ordered that such issue be tried to the court.

An erroneous ruling striking a case from the jury list upon the ground that the action was one which could not properly be tried to a jury, cannot be supported or treated as harmless upon some other ground or reason involving the exercise of the court's discretion, which was not raised upon the trial nor passed upon by the trial court.

Argued January 4th—decided March 15th, 1916.

Action to quiet and settle the title to real estate, brought to and tried by the Superior Court in Litchfield County, *Reed, J.*, after the cause had been stricken from the jury docket (*Case, J.*) upon motion of the

plaintiff; facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error and new trial ordered.*

*Thomas J. Wall,* with whom was *Caleb A. Morse,* for the appellants (defendants).

*Samuel A. Herman* and *William W. Bierce,* for the appellee (plaintiff).

THAYER, J. This is an action to settle and quiet the title to land, brought under § 4053 of the General Statutes, which provides that any person claiming title to real property may bring such an action against any person or persons claiming any estate or interest in the property, for the purpose of determining such adverse interest or claim, and to clear up doubts and disputes, and to settle and quiet the title.

The land which is in question was owned and possessed by William Young at the time of his death on May 1st, 1871. He left a widow and two children, William and Mary, his sole heirs at law and defendants in this action. His widow is still living. His estate has never been offered for probate, and the widow's dower has never been set out to her. On June 10th, 1874, by her warranty deed of that date containing the usual covenants, the widow conveyed the land in question to one Mahan, who by a like deed on August 10th, 1907, conveyed it to the plaintiff, who has since been in possession of it. The plaintiff claims title to the land by virtue of these conveyances and by adverse possession for more than thirty years by Mahan and itself against the defendants. The defendants each claim to own an undivided one half of the land subject to the dower right of the widow. They claim, further, that until the death of the widow they

have no right of entry upon the land, and that the plaintiff has acquired no title to the property by adverse possession against them, because the statute of limitations cannot run against them until their right of entry accrues.

The defendants are correct in their claim that they own the land in dispute subject to the widow's dower right therein, unless they have lost their rights by the adverse possession of the plaintiff and Mahan; and they are correct in their claim that they have not lost their rights by the adverse possession of Mahan and the plaintiff, if they, the defendants, have no right of entry and possession until the death of the widow. The plaintiff and Mahan could not oust them of possession until they had the right to enter and possess. The deed from the widow to Mahan, although a warranty deed purporting to convey the now-disputed land in fee, conveyed only such interest in it as she possessed or was entitled to. He thereby acquired her interest in the premises. This, and any other interest which he had acquired in it, he conveyed to the plaintiff in 1907. If by adverse possession he had theretofore acquired the fee, he conveyed a fee to the plaintiff; if he had not acquired any interest other than that conveyed by the widow, he conveyed only that interest to the plaintiff. By the widow's conveyance Mahan was placed in her position with reference to this property. If she could oust the defendants and by adverse possession acquire an absolute title to the property, Mahan, after the conveyance, could do so, and his assignee, the plaintiff, might do so.

A widow to whom dower is assigned thereby acquires a life estate in the specific one third of the land, of which her husband died seized, which is set out to her, and she is entitled to occupy and possess that third in severalty during her life. The remaindermen

during her life have no right of entry or possession therein. Consequently no title by adverse possession can be acquired against them by her or the assignees of her freehold.

At common law the widow, before her dower had been assigned, had no right of possession in any of the real estate of which her husband died seized. In this State it is well settled that before the assignment of her dower the widow is tenant in common with the heirs of all the real estate of which her husband died seized. *Stedman* v. *Fortune*, 5 Conn. 462, 465; *Wooster* v. *Hunts Lyman Iron Co.*, 38 Conn. 256, 258; *Greathead's Appeal*, 42 Conn. 374, 375; *Humphrey* v. *Gerard*, 85 Conn. 434, 436, 83 Atl. 210. Being tenants in common they are affected by the incidents of such a tenancy. One of these is that each of the tenants has the right to enter and possess, in common with his co-tenants, every portion of the premises, and that any one of them may oust the others of their possession and by possession adverse to them for fifteen years rob them of their interest in the property. As dower has not been set out to Mrs. Young, the defendants, at the time she deeded to Mahan, were tenants in common with her of the disputed property, and as such they had the right to enter and possess the property in common with her. Therefore their claims, that they had no right to enter upon the land, and that no title to the property as against them could have been acquired by Mahan and the plaintiff by adverse possession, were properly overruled.

Whether the defendants were in fact ousted and lost their rights to the property by the adverse possession for more than fifteen years of Mahan and the plaintiff, was a question of fact. The court has found that fact against them. They claim that this finding was not warranted by the evidence; but as no proceed-

ings were taken to bring the evidence before us for the purpose of correcting it, we must assume that the fact was properly found. This would be determinative of the case but for a preliminary ruling, now to be noticed, which was erroneous and harmful to the defendants.

At the request of the defendants the case had been placed upon the jury docket and jury trial list by the clerk, and stood there after the pleadings had been closed. The plaintiff moved that it be stricken from the jury docket and restored to the court docket, upon the ground that it was not an action that the statute authorizes to be placed upon the jury docket or that could be determined by the jury, and the motion was granted. The only contested question of fact in the case was, as appears above, whether there had been an ouster of the defendants. This was a proper question for the jury. *Layton* v. *Bailey*, 77 Conn. 22, 30, 58 Atl. 355. The action is upon a peculiar statute and it had previously been questioned whether any of the issues in such an action could be tried to the jury; but it has been held that either party to such an action has the right to a jury trial upon any issues of fact arising upon legal, as distinguished from equitable, claims. *Miles* v. *Strong*, 68 Conn. 273, 286, 36 Atl. 55; *Dawson* v. *Orange*, 78 Conn. 96, 100, 61 Atl. 101; *Foote* v. *Brown*, 78 Conn. 369, 376, 62 Atl. 667. The court, therefore, was wrong in holding that the statute forbids the placing of actions brought under it upon the jury docket, and that the present case was one which could not be determined by a jury.

But it is urged that as the defendants in claiming the case for the jury trial list did not state which issues they desired to be tried by the jury, there was not a compliance by them with § 3 of chapter 56 of the Public Acts of 1905 (p. 284), and that the case is governed

by our decisions in *Nowsky* v. *Siedlecki*, 83 Conn. 109, 113, 75 Atl. 135, and *Rowell* v. *Ross*, 89 Conn. 201, 212, 93 Atl. 236. In both of these cases the court ordered what issues should be tried by the jury, the parties having failed to indicate which ones they desired to have so tried, as the statute provides. In the first case the court ordered all issues to be tried by the jury, in the other that all should be tried to the court. In each of these cases we held that the court properly ordered what issues should be tried to the jury because the parties had failed to give the proper notice. In the present case the court did not order which issues should be tried to the jury. It granted a motion to strike the case from the jury docket upon the ground that the action was one in which a jury trial could not properly be had. This is quite different from determining, in a case where a jury trial may properly be had, what issues shall be tried to the jury. Although the court's action resulted in the trial to the court of the only contested issue between the parties, it cannot be justified by the decisions referred to. It is apparent from the pleadings, and the court has found the fact to be so, that there was no other contested issue between the parties except the one which has been indicated and which is directly raised by the denial in the answer of the ninth paragraph of the complaint. Several other issues, some immaterial and one material but uncontested, are raised by the pleadings. As we have said, the court was not asked to pass upon and did not pass upon the question whether the defendants gave a proper notice of the issues which they desired to have tried to the jury, nor did it exercise its discretion to determine which, if any, of the issues should be so tried. Had the motion been for the court to order that the contested issue in the case be tried to the court upon the ground that the defendants had not given

such notice as the statute requires, we think that the court in the exercise of its judicial discretion could not properly have ordered that it be tried to the court.

The defendants were sued jointly. They filed separate answers which were practically the same. They were represented by the same counsel. Only one notice, and that in the name of Mary Young, was given of the desire for a jury trial. The omission of the other defendant's name was doubtless an oversight, their interests being identical and the case being conducted as one case against both. Each is entitled to a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.